**NATIONAL WESTERN LIFE INSURANCE COMPANY**

v.

**The UNITED STATES et al.**

**No. CA3–78–1227–F.**

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 29, 1980.

Rodney D. Moore and Willis E. Kuhn, II, Moore & Peterson, Dallas, Tex., for plaintiff.

Arnaldo N. Cavazos, Jr., Martha Jo Stroud, Asst. U. S. Attys., Dallas, Tex., for defendant the United States and United States Postal Service.

Vincent M. Garvey and Brian G. Kennedy, Dept. of Justice, Washington, D. C., for defendant William Bolger.

Betsy Ginsberg, U. S. Dept. of Justice, Barbara A. Babcock, Asst. Atty. Gen., Washington, D. C., for defendants the United States and United States Postal Service and William Bolger.

## MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

Plaintiff has brought the above styled and numbered suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552, (hereinafter FOIA), seeking (1) disclosure of the names and duty stations of employees of the United States Postal Service employed in Dallas, Texas, and Sioux City, Iowa, and (2) a declaratory judgment that this type of information must also be disclosed by any other postal facility upon which Plaintiff may make a similar request. The defendants herein, the United States, the United States Postal Service, and the Postmaster General, have refused to disclose this information upon the grounds that it constitutes either (1) "a mailing list . . . of postal patrons or others" as defined in 39 U.S.C. § 412, or (2) "information of a commercial nature . . . which under good business practice would not be publicly disclosed" as 39 U.S.C. § 410(c)(2) provides. Defendants contend that these statutes create exemptions from the mandatory disclosure requirements of the FOIA, pursuant to 5 U.S.C. § 552(b)(3)(B). Defendants also contend that neither the United States nor the Postmaster General are proper party defendants, and thus the case should be dismissed as to those parties. The action has been submitted to the court upon cross motions for summary judgment, and after considering said motions and the arguments in support thereof, the court makes its ruling as set out below.

### I.

The starting point in any Freedom of Information Act case is that the government has the general duty to provide information to the public. The philosophy of the FOIA is that of full agency disclosure unless the information is exempt under clearly delineated statutory language. *Dept. of Air Force v. Rose*, 425 U.S. 352, 360–61, 96

S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976); *Shermco Industries v. Sec. of U. S. Air Force*, 452 F.Supp. 306 (N.D.Tex.1978), *rev'd on other grounds*, 613 F.2d 1314 (5th Cir. 1980). Disclosure is the primary objective of the FOIA, and the burden is on the government to justify non-disclosure. *Id.; N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978). The court, in turn, must narrowly construe any claimed exemption, and all doubts are to be resolved in favor of disclosure. *Rose, supra; Getman v. N.L.R.B.*, 450 F.2d 670 (D.C.Cir.1970). *Shermco, supra.* "The touchstone of any proceedings under the Act must be the clear legislative intent to assure public access to all governmental records whose disclosure would not significantly harm specific governmental objectives." *Soucie v. David*, 448 F.2d 1067, 1080 (D.C.Cir.1971).

## II.

The first basis upon which the government relies to justify non-disclosure is the alleged applicability of 39 U.S.C. § 412, which provides:

Except as specifically provided by law, no officer or employee of the Postal Service shall make available to the public by any means or for any purpose any mailing or other list of names and addresses (past or present) of postal patrons or other persons.

■ A cursory examination of this provision would indicate that non-disclosure of the information here requested could be justified. However, Section 412 does not limit disclosure beyond that authorized by the FOIA, since the FOIA is an exemption specifically provided by law under the terms of Section 412. 39 U.S.C. § 410(b)(1)[1] makes the FOIA applicable to the Postal Service, except for those exemptions enumerated in 39 U.S.C. § 410(c)(1).[2]

---

**1.** 39 U.S.C. § 410(b) states:

The following provisions shall apply to the Postal Service
(1) section 552 (public information) . . .

**2.** 39 U.S.C. § 410(e) provides:

Section 410(c)(1) provides that the Freedom of Information Act shall not require the disclosure of the name and address of any postal patron. Thus, the substance of Section 412 is stated in Section 410(c)(1) and is an exemption to the FOIA only to the extent that mailing lists of postal patrons are not to be disclosed.

■ It is obvious that postal patrons are not postal employees. While Section 412 refers to postal patrons or other persons, the exemption in Section 410(c)(1) refers only to postal patrons. Congress clearly could have included postal employees or other persons within the exemption had it so intended. This Court cannot give a statute expansion that Congress denied, and I therefore find that 39 U.S.C. § 412 is inapplicable to Plaintiff's request.

## III.

While 39 U.S.C. § 410(b)(1) brought the Postal Service within the purview of the FOIA, 5 U.S.C. § 552(b) provides that:

This section shall not apply to matters that are . . .
(3) specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld . . .

The government has refused to disclose the information sought by Plaintiff because the Plaintiff is an insurance company, and the government fears that the information may be used for the purposes of business solicitation. Hence, the government argues that the information is exempt from disclosure pursuant to 39 U.S.C. § 410(c)(2), by virtue of 5 U.S.C. § 552(b)(3)(B).[3] 39 U.S.C. § 410(c)(2) provides that:

Subsection (b)(1) of this section shall not require the disclosure of
(1) the name or address, past or present, of any postal patron . . .

---

**3.** 39 U.S.C. § 410(c)(2) may operate independently from 5 U.S.C. § 552(b)(3)(B) in exempt-

Subsection (b)(1) of this section shall not require the disclosure of . . .

information of a commercial nature, including trade secrets, whether or not obtained from a person outside the postal service, which under good business practice would not be publicly disclosed . . .

In order for a collateral withholding statute to meet the requirements of Section (b)(3)(B), it must meet either of two disjunctive tests. The statute must establish criteria for withholding or refer to particular matters to be withheld. In the instant case, the government contends that both aspects of the test are met in that the criteria for withholding is good business practice, and the particular matter to be withheld is information of a commercial nature. Plaintiff argues that "good business practice" is too amorphous a term to qualify section 410(c)(2) as an exemption under 552(b)(3)(B), which requires an agency to base its withholding upon clear criteria.

■ For a statute to be countenanced by Section 552(b)(3)(B) and thus afford an exemption to required disclosure, it must provide a measurable yardstick for the agency to use in determining whether disclosure is permissible. "[T]he crucial distinction [is] between statutes that in some manner told the official what to do about disclosure and those that did not significantly inform his discretion in that regard." *American Jewish Congress v. Kreps*, 574 F.2d 624, 629 (D.C.Cir.1978). It is also recognized, however, that "[d]ecisions as to whether given 'criteria' . . . are sufficiently 'particular[ized]' in any statute . . . necessarily implicate a measure of subjectivity." *Id.*

■ While Congress and some courts have found fault with standards such as "interest of the public", the exemption at issue here has been construed to encompass a standard providing that information can be released only if it "can be published without undue risk to the common defense and security." *Id.* "Good business prac-

tice" is no less definite a standard. This standard may not be specifically quantifiable, yet is not so vague as to leave a Postmaster General with unfettered discretion as to what information may be withheld from disclosure. In creating the Postal Service, Congress declared that it was to be run in a businesslike manner; and in granting the Postal Service powers not ordinarily held by other government agencies, Congress intended it to operate in many ways like a private business enterprise. *May Dept. Stores v. Williamson*, 549 F.2d 1147, 1149 (8th Cir. 1977). "Good business practice" is readily ascertainable by looking to the commercial world, management techniques, and business law, as well as to the standards of practice adhered to by large corporations. Thus, I hold that "good business practice" creates a sufficiently definite standard to justify exclusion of information that would otherwise be disclosed under the FOIA, and Section 410(c)(2) qualifies as an exemption statute under 5 U.S.C. § 552(b)(3)(B).

### IV.

Once it has been decided that a statute qualifies as an exemption statute under Section 552(b)(3)(B), a court must determine if the specific information sought by the Plaintiff is within the parameters of the exemption. The government has refused to disclose the information here requested on the basis that the list of names and duty stations of postal employees is "information of a commercial nature . . . which under good business practice would not be publicly disclosed," pursuant to Section 410(c)(2).

The Court's first task is to determine whether the information at issue here is information of a commercial nature. While the list of names and duty stations is not in itself intrinsically economic or financial information, the government insists that the nature of commercial information must be determined by the purpose to which the

---

ing certain kinds of information. It is unnecessary for the court to determine the extent to which this may occur in light of the court's

finding, infra, that Section 410(c)(2) qualifies as an exemption statute within the purview of Section 552(b)(3)(B).

information may be put by the requesting party. There is, however, no authority as to what constitutes "commercial information" for the purposes of Section 410(c)(2), and thus it may be useful to review related statutory and regulatory provisions to ascertain the intent of Congress.

■ In general, the commercial nature of information must be established without resort to who the Plaintiff is or what use the plaintiff may make of the information.[4] The Supreme Court has recently stated that information must be disclosed to any member of the general public upon demand unless it clearly falls within one of the FOIA exceptions. *Robbins Tire & Rubber Co., supra.* The reason for an FOIA request is therefore usually beside the point, and the identity of a party making a request is usually irrelevant. *See Cooper v. Dept. of Navy of U.S.,* 558 F.2d 274, 275 (5th Cir. 1977), cert, denied, 444 U.S. 926, 100 S.Ct. 266, 62 L.Ed.2d 183 (1979).

■ 5 U.S.C. § 552(b)(6)[5] is an exception to the general rule. Exemption (6) is the only exemption under the FOIA for which it has been held that the purpose behind an FOIA request is of some significance. *Getman, supra,* at 674, n.10. In determining whether information is exempt under Section 552(b)(6), a court must balance an individual's right to privacy against the public's right to government informa-

tion. This exemption, however, does not protect against every invasion of privacy; only such information as would constitute a "clearly unwarranted invasion of privacy" is exempt from disclosure. *Rose, supra.*

In *Wine Hobby U.S.A. v. U.S. Internal Revenue Service,* 502 F.2d 133 (1974), the Third Circuit held that the release of a list of names and home addresses of people who had filed forms with the Bureau of Alcohol, Tobacco and Firearms for the purpose of being permitted to produce wine for their own use without paying taxes was a clearly unwarranted invasion of privacy. The court found no public interest in disclosure, as the list was wanted solely for advertising and solicitation purposes. There was, however, a substantial invasion of privacy, in that the disclosure involved home addresses and intimate facts relating to family status and private lives. Consequently, after applying the balancing test, the court refused to require disclosure. Similarly, in *Campbell v. U.S. Civil Service Comm'n.,* 539 F.2d 58 (10th Cir. 1976), the court considered whether there was an invasion of privacy, how serious it was, the extent or value of the public interest served, and whether the information was available from other sources. After reviewing those factors, the Court exempted the requested list of names and addresses of government employees from disclosure because it related to job

---

4. Postal Service regulations do not define what is to be "information of a commercial nature," but 39 C.F.R. § 265.6(b)(3) lists certain kinds of information that is not to be disclosed:
 Information of a commercial nature including trade secrets, whether or not obtained from a person outside of the postal service, which under good business practice, would not be publicly disclosed. This class includes, but is not limited to:
 (1) Information pertaining to methods of handling registered mail;
 (2) Records of money orders, except as provided in Chapter I of the Postal Service Manual;
 (3) Technical information concerning postage meters and proto types submitted for postal service approval prior to leasing to mailers;
 (4) Reports of market surveys conducted by or under contract of the Postal Service;

(5) Records compiled within the Postal Service which would be of potential benefit to persons or firms in economic competition with the postal service;
(6) Information which, if publicly disclosed, could materially increase procurement costs.
 Interestingly, although the list is not all inclusive, there is not one category in which data is dependent for its commercial nature on the manner in which it may be used by the requesting party.

5. The statute provides:
 (b) This section does not apply to matters that are . . .
 (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy . . .

performance and would have caused extreme embarrassment to the employees.

Although the government argues that cases such as *Wine Hobby* and *Campbell* are controlling here, these cases are distinguishable. In *Wine Hobby*, the information sought was the names of private individuals and their home addresses. The information denied in Campbell related to government employees, but its disclosure would have proved highly embarrassing. Neither of these facts exist in the present case. Here, there is no invasion of privacy, or at most an insubstantial one.

A number of courts have required disclosure of lists of names and addresses where there were only insubstantial invasions of privacy. In *Getman, supra*, the court held that a bare list of names and addresses which labor union members were required to give to the N.L.R.B. was not within Exemption (6). The privacy invasion was thought to be minimal, since it would entail only the possibility of members receiving telephone calls. In *Ferguson v. Kelly*, 448 F.Supp. 919 (N.D.Ill.1977), the excision of FBI agents' names from material produced under an FOIA request could not be justified on the theory of invasion of privacy, since as public employees they were found to have no legitimate privacy right to the deletion of their names and involvement in investigative activities for the FBI. The fact of their employment with the government was held to be public information. Similarly, the disclosure of names and addresses of disabled former officers by the Department of Defense was held to be an insubstantial invasion of privacy, even though it would have exposed the disabled officers to mail soliciting membership, where the public interest was served by disclosure. *Disabled Officers Ass'n v. Rumsfield*, 428 F.Supp. 454 (D.C.D.C.1977).

 It cannot be seriously contended that postal employees have an expectation of privacy with respect to their names and duty stations. The names and addresses of the employees of virtually every other federal agency are disclosable, and in fact, many are routinely published and made available through the Government Printing Office. Title 5 of the Code of Federal Regulations, Section 294.702 provides:

(a) the following information about most present and former government employees is available to the public:

(1) Name;

(2) Present and past position titles;

(3) Present and past grades;

(4) Present and past salaries;

(5) Present and past duty stations (which includes room numbers, shop designations or other identifying information regarding buildings or places of employment).

While this regulation is not applicable to the Postal Service, it is illuminating about Congressional policy in regard to federal employees. It has also been the policy of the Postal Service to follow this regulation, and the Postal Service has now advanced no convincing reason why the names and addresses of postal employees should be treated dissimilarly from those of other federal employees in this instance. Although, admittedly, there may be no public interest served by disclosure, neither is there an invasion of privacy. In view of the Congressional policy favoring disclosure, where there is an equal balance between the competing interests, the court should tip the scale in favor of disclosure. Therefore, I find that the list sought here would not be exempt under Section 552(b)(6).

 It is also unlikely that the names and addresses at issue here would be encompassed by the "commercial information" exemption of the FOIA. Section 552 provides that:

(b) This section shall not apply to matters that are . . .

(4) trade secrets and commercial or financial information obtained from a person and privileged and confidential . . .

This exemption seeks to protect the privacy and competitive position of a citizen who offers confidential information to the government, and those interests of the government to the extent it operates as a business entity. The provision also serves

the interest of the government in efficient operation. *Nat. Parks & Conservation Ass'n v. Morton,* 498 F.2d 765 (D.C.Cir. 1974).

As has been earlier discussed, the list of names and addresses is neither privileged nor confidential. In *Getman, supra,* where there was no express promise of confidentiality given with respect to a list of names and addresses than an employer was required to give to the N.L.R.B., the list was held not to be within the "commercial information" exemption. The employees here have no interest in keeping this kind of information secret. Moreover, as in *National Parks, supra,* there is no issue of competitive disadvantage nor will release of the information impair the government's ability to obtain similar information in the future. The information sought here is clearly not contemplated by Section 552(b)(4).

■ It should be apparent from the foregoing that the bare list of names and duty stations sought by the Plaintiff here would not be exempt from disclosure under any of the provisions of the Freedom of Information Act reviewed for guidance as to the meaning of "commercial information." I must, therefore, find that the list of employee names and addresses is not "commercial information" under 39 U.S.C. § 410(c)(2).

### V.

■ Since the information here requested is not commercial information, the court need not address the question of whether this information would not be disclosed pursuant to Section 410(c)(2) on the basis of "good business practice." Brief comments are perhaps necessary, however, because the government has implicitly argued that the public interest will be disserved by the disclosure of this information. The government contends that the release of its employees' names and duty stations will necessitate the creation of an internal mail system beyond its capability, and that such a system would face substantial obstacles in terms of complexity and expense. The Plaintiff, although conceding for purposes of this motion that the information sought here is the type of information that a private corporation might not disclose under the rubric of "good business practice," contends that this is an insufficient basis upon which to base non-disclosure.

I must agree. It is quite true that in creating the United States Postal Service, the Congress intended that it should operate more like a private business than a governmental agency. Nevertheless, the Postal Reorganization Act of 1970 did not remove all semblance of a public agency from the Postal Service; it is still a public agency and its employees are public employees. Although it may not be good business practice for a private company to disclose names and addresses of its employees, that is not the only concern to be considered. The Postal Service is still subject to public responsibility, as evidenced by the applicability to the Postal Service of the Freedom of Information Act.

■ The government's argument in this lawsuit is based solely on speculation as to what this Plaintiff may do with the requested information. Yet it is clear that the Postal Service may not rest on bare allegations as to what might be. A district court has no equitable jurisdiction to deny disclosure on grounds other than those laid out under one of the FOIA's exceptions. *Soucie v. David,* 448 F.2d 1067 (D.C.Cir. 1971); *Wellford v. Hardin,* 444 F.2d 21 (4th Cir. 1971). See also, 5 U.S.C. § 552(c). The daily operation of the Postal Service is not a valid ground for differentiating disclosure of its employees names from those of other agencies. Other governmental agencies, and indeed most major corporations, have efficiently dealt with internal mail systems without significant disruptions. In light of the clear Congressional policy favoring disclosure of governmental information, this court can find no reason to distinguish between the Postal Service and other agencies which have complex functions and as to which such information is normally disclosable as a matter of law.

### VI.

■ The Defendant has moved to dismiss the Postmaster General and the United States of America from this lawsuit

on the basis that they are not proper parties. 5 U.S.C. § 552(a)(4)(B) grants jurisdiction to a federal district court to "enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 551(1) defines "agency" to mean "each authority of the Government of the United States." Under this language it is clear that the Postmaster General is a proper party to this suit. The heads of federal agencies can be sued in their official capacity as custodians of the documents that Plaintiff is requesting. The Postmaster General is the individual most responsible for the policies and decisions of the Postal Service, and he is the final authority on the administration of the Freedom of Information Act within the Postal Service. *See Hamlin v. Kelly*, 433 F.Supp. 180 (N.D.Ill. 1977). By the same token, it is clear that the United States is not a proper party. I, therefore, grant Defendant's motion to dismiss the United States and deny the government's motion to dismiss the Postmaster General.

### VII.

Plaintiff has requested an award of attorney's fees in the event it prevailed on its motion for summary judgment. 5 U.S.C. § 552(a)(4)(E) provides that:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

 The Plaintiff here obviously has substantially prevailed. The language of the statute makes it clear, however, that a court may, but is not compelled, to award attorney's fees. The decision on whether to award attorney's fees in a given case is left to the sound discretion of the district court, within certain guidelines. *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978). The criteria a court should apply in determining whether attorney's fees should be assessed against the government are: (1) the public interest, (2) the financial wealth of the plaintiff, (3) the complainant's interest in the records sought, and (4) the reasonableness of the government's asserted legal basis for withholding the documents. *Id.; Shermco, supra*, at 312.

In evaluating these criteria, I find that the government's basis for withholding the requested information was a sound one. A genuine legal issue was presented, and the position of the government was reasonable under the circumstances. Moreover, the Plaintiff's purpose in seeking the records is purely a private one; the action was brought only to further Plaintiff's own financial interest. Finally, there is little or no public interest in the disclosure of the requested information. As the Fifth Circuit has indicated, although a successful FOIA Plaintiff always acts to some degree for the benefit of the public, "the factor of 'public benefit' does not particularly favor attorney's fees where the award would merely subsidize a matter of private concern." *Blue, supra*, at 533–34. I must therefore find that in the instant case the Plaintiff is not entitled to an award of attorney's fees. Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment be and hereby is granted and Defendant's motion for summary judgment be and hereby is denied, in accordance with the foregoing opinion and to the extent indicated therein.