Dear Ms. Adams:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. Your inquiry is relative to the legality of an employee in a full-time position in the state classified service holding at the same time employment as an emergency rural relief carrier with the United States Postal Service.
R.S. 42:63 in part prohibits a person holding employment in any of the branches of state government from holding at the same time employment in the government of the United States. Therefore, the answer for your question involves the determination if employment as a carrier with the United States Postal Service constitutes employment in the government of the United States, and we take particular notice that the pertinent provision does not state it prohibits employment as a "federal employee" but "in the government of the United States".
Pursuant to the Postal Reorganization Act, 39 U.S.C. § 101 provides that "the United States Postal Service shall be operated as a basic and fundamental service provided to the peopleby the Government of the United States", and 39 U.S.C. § 201
states as follows:
 There is established, as an independent establishment of the executive branch of the Government of the United States, the United States Postal Service. (Emphasis added.)
We must conclude that the United States Postal Service is employment in the government of the United States. While it is recognized that the intent of Congress was to promote operational efficiency by creation of the Postal Service, we do not find it was removed from employment in the government of the United States. In National Western Life Ins. Co. v. UnitedStates, 512 F. Supp. 454 (N.D.Tex. 1980) the court stated as follows:
 It is quite true that in creating the United States Postal Service the Congress intended that it should be operated more like a private business than a governmental agency. Nevertheless, the Postal Reorganization Act of 1970 did not remove all semblance of a public agency from the Postal Service; it is still a public agency and its employees are public employees.
In Mesa v. California, 489 U.S. 121 (1988) Mesa and Ebrahim, postal service employees, were charged in state criminal complaints with traffic violations while operating mail trucks and sought removal to federal court. The United States Supreme Court noted that the United States and California agreed that Mesa and Ebrahim in their capacity as employees of the United States Postal Service were persons acting under an office of the United States or an agency thereof.
Consistent with this concept is that the prohibition against age or race discrimination by the federal government specifically includes employment with the United States Postal Service.29 U.S.C. § 633a, 42 U.S.C. § 2000e-16.
Moreover, this office reached a similar conclusion wherein it found that state employees could not serve as full-time or part-time employees in the Veterans Administration which is also an independent establishment in the executive branch of the federal government. Atty. Gen. Op. No. 80-413.
Thus, in answer to your inquiry we find employment as an emergency rural carrier with the U.S. Postal Service is prohibited under R.S. 42:63 while also employed full-time in a classified position in state service.
If we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 17, 1997
Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General