**Wallace H. CAMPBELL and Joseph H. Pope, Plaintiffs-Appellants,**

v.

**UNITED STATES CIVIL SERVICE COMMISSION, Defendant-Appellee.**

No. 75–1971.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 18, 1976.

Decided July 13, 1976.

Rehearing Denied Aug. 27, 1976.

Marvin B. Woolf, Boulder, Colo., for plaintiffs-appellants.

Thomas G. Wilson, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C. (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., James L. Treece, U. S. Atty., Denver, Colo., and Leonard Schaitman, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., on the brief), for defendant-appellee.

Before BARRETT and DOYLE, Circuit Judges, and TEMPLAR,* District Judge.

WILLIAM E. DOYLE, Circuit Judge.

Appellants Campbell and Pope, employees of the Environmental Research Laboratory (ERL) in Boulder, Colorado, filed this action pursuant to the Freedom of Information Act, 5 U.S.C. Section 552, on account of their having been denied access to the United States Civil Service Commission report on personnel management at ERL. The report was the result of a routine investigation of personnel management, which investigation was conducted in November 1974. It was entitled "Evaluation of Personnel Management at Environmental Research Laboratories, Boulder, Colorado." We are told that the report was "an assessment of how ERL management is carrying out basic responsibilities for the effective selection, development, and use of manpower resources." There were two parts to the report. These contained appraisals and evaluations. Appendix I listed employees erroneously classified in the GS service in that their classifications were too high for the duties they were performing. Appendix II named an employee who had apparently been promoted contrary to the Commission regulations. Also, Appendix III had a statistical analysis of responses by ERL employees to questionnaires. The Commission denied the request for the report as a whole on the ground that it was protected by several exemptions to the Act. Thereupon the present suit was brought seeking a judgment compelling the release of the report.

At trial the Commission's position was that Parts I and II were protected by exemptions two, five and six of the Act, and that Appendices I and II were protected by exemptions two and six, whereas Appendix III was protected by exemption two.

The exemptions to the extent relevant are contained in 5 U.S.C. Section 552(b) as follows:

(b) This section does not apply to matters that are—

\* \* \* \* \* \*

(2) related solely to the internal personnel rules and practices of an agency;

\* \* \* \* \* \*

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; \* \* \*.

The trial court's ruling was that Part I and Appendix III were not exempt, that Part II was protected by exemption five and that Appendices I and II were protect-

---

* Sitting by designation from the District of Kansas.

ed by exemption six. Part I and Appendix III were ordered disclosed, but enforcement was stayed pending appeal.

Following the entry of the trial court's judgment, the D. C. Circuit ruled in *Vaughn v. Rosen*, 173 U.S.App.D.C. 187, 523 F.2d 1136 (1975) that the Civil Service Commission personnel management evaluation reports were not exempt from disclosure. The plaintiffs in the *Vaughn* case agreed to the exemption from disclosure of case studies similar to the appendices that are in issue here. Therefore, the Commission publicized copies of the report, with the exception of Appendices I and II, to the appellants and anyone else who wished to have them. The result of this is that the only issue remaining to be considered here is whether Appendices I and II are protected from disclosure by any of the exemptions which are set forth above.

■ Ever since Congress revised the Administrative Procedure Act by the enactment of 5 U.S.C. Section 552, the Freedom of Information Act, it has been recognized that the new revision calls for positive disclosure limited only by specific exemptions, which exemptions are to be narrowly construed. *E.P.A. v. Mink*, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). The government has the burden of proving that the documents are within the protection of the exemptions. *Getman v. N. L. R. B.*, 146 U.S.App.D.C. 209, 450 F.2d 670 (1971).

■ The question which we must decide is whether the Appendices here in question constitute personnel or similar files within the meaning of subsection (6). In our view the lists of employees contained in the Appendices are within the phrase "similar files" since they contained personnel information such as job classifications and duties. Since this is personnel information, it cannot be effectively argued that these are not "similar files." *See Department of the Air Force v. Rose*, —— U.S. ——, 96 S.Ct. 1592, 1606, 48 L.Ed.2d 11 (1976), holding that case summaries of Honor and Ethics Code violations at the Air Force Academy are "similar files," and *see Wine Hobby USA, Inc. v. I. R. S.*, 502 F.2d 133, 135–137

(3d Cir. 1974), and *see Robles v. E. P. A.*, 484 F.2d 843, 845 (4th Cir. 1973). These latter two cases construe the material in controversy as "similar files" and give a broader interpretation to the term than we are required to give here.

The standard for withholding information under the exemption is whether it would "constitute [a] 'clearly unwarranted' invasions of privacy." *Department of the Air Force v. Rose, supra*, 96 S.Ct. at 1604–1608; *Wine Hobby USA, Inc. v. I. R. S., supra*, at 136; *Getman v. N. L. R. B.*, 146 U.S.App. D.C. 209, 450 F.2d 670, 674 (1971).

■ The H.R.Rep. No. 1497, 89th Cong., 2d Sess., U.S.Code Cong. & Admin. News 1966, p. 2418, recommends a balancing test between an individual's right of privacy and the preservation of the public's right to government information. *See Rose, supra*, and *Getman, supra*. In applying the test, these factors are considered:

1. Would disclosure result in an invasion of privacy and, if so, how serious?

2. The extent or value of the public interest purpose or object of the individuals seeking disclosure.

3. Whether the information is available from other sources. *Rural Housing Alliance v. United States Department of Agriculture*, 162 U.S.App.D.C. 122, 498 F.2d 73 (1974). The district court has a broad discretion in determining whether the government has sustained its burden of establishing the applicability of the exemption. *See Department of the Air Force v. Rose, supra*, 96 S.Ct. at 1607, fn. 17.

Most of the cases such as *Getman, Wine Hobby USA* and *Vaughn* have applied the mentioned balancing test. In *Rural Housing Alliance v. United States Department of Agriculture, supra*, the cause was remanded to the district court for the purpose of applying the balancing test. *Cf. Robles v. E. P. A.*, 484 F.2d 843 (4th Cir. 1973), in which the balancing test was not applied.

The Supreme Court's decision in *Department of the Air Force v. Rose, supra*, is particularly helpful in that it did express a

policy which favored disclosure and also it carefully balanced the competing interests.

■ From the above cases it is to be concluded that the courts emphasize the public interest in disclosure. So, therefore, where there is an important public interest in obtaining information, the private interest in protecting the disclosure must give way to the superior public interest, especially where the invasion is not substantial. If, of course, it is serious and there is little or no public interest, disclosure is not allowed. Furthermore, it is important to keep in mind that the 1974 Amendment to the Freedom of Information Act provides for considering whether segregating or excising of identifying information is practical. All in all, it must be concluded that the balance is in favor of disclosure.

■ The disclosure of the personnel records in the instant case would be a serious invasion of privacy. Matters such as an individual's job classification, his salary and information as to overclassification are also personal and capable of causing embarrassment. The same is true of a promotion contrary to regulations. Also, the public interest in efficient and lawful personnel management by government agencies is better served by disclosure of general agency performance rather than by specific revelation of individual problems such as over-classification. Practically no public interest is advanced by disclosure of the latter.

We conclude that the trial court did not abuse its discretion in holding that the balancing test favored nondisclosure of Appendices I and II. The material is within exemption six. Hence, we need not determine the Commission's contention that it falls within exemption two.

■ On the question of attorney's fees, the amount of the district court's award, namely $250.00, appears somewhat low. We recognize that the trial court has a broad discretion in this area, and we also recognize that the criterion for awarding a fee, which is contained in the Act, is wheth-

er the complainant substantially prevailed and whether a substantial contribution to public interest resulted. Adjudged by these criteria, it would seem that there should be at least, if not the maximum fee, an average one. We note that the legislative history contemplated the possible payment of $35.00 per hour. H.R.Rep. No. 876, 93rd Cong., 2d Sess., U.S.Code Cong. & Admin. News 1974, p. 6275. We are not suggesting that the case calls for a large fee, but the amount given does strike us as being arbitrarily low and so, then, we would remand the cause to the district court for purposes of reconsideration of the question of a more just award.

The judgment of the district court is affirmed. However, the cause is remanded for the mentioned purpose and for any other matters which are necessary, consistent with the views expressed herein.

BARRETT, Circuit Judge (concurring in part and dissenting in part):

I concur in all aspects of Judge Doyle's opinion with the single exception of the remand for reconsideration of the award for attorney's fees on behalf of counsel for plaintiffs-appellants. I do not dispute the observation that the trial court's award of $250.00 does appear to be somewhat low. However, part and parcel of the exercise of discretion necessarily involves an assessment of attitude, sincerity and diligence. There is no showing of arbitrariness and I equate speculation with regard thereto violative of the broad discretion granted the trial court.