**A. F. FERGUSON, Plaintiff,**

v.

**Clarence M. KELLEY, Federal Bureau of Investigation, Edward Levi and Department of Justice, Defendants.**

**No. 76 C 3898.**

United States District Court,
N. D. Illinois, E. D.

Sept. 29, 1977.

Supplemental Opinion April 10, 1978.

Lance Haddix, Arthur W. Friedman of Devoe, Shadur & Krupp, Chicago, Ill., for plaintiff.

Antonio J. Curiel, Asst. U.S. Atty., N.D. Ill., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel disclosure of information held by the Federal Bureau of Investigation (FBI) which pertains to the plaintiff. The defendants have moved for summary judgment, claiming exemptions under Section 552(b)(2), (5) and (7). We will grant partial summary judgment as to certain documents and require *in camera* inspection before ruling on defendants' motion as to others.

 To justify its deletion of administrative markings, routing information, transmittal memoranda, leads and status information, the government claims an exemption under Section 552(b)(2) which exempts from disclosure "matters that are related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). We agree with the government that administrative markings and routing information are matters related only to the internal practices of the FBI and not the focus of "genuine and significant public interest." *See Department of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d

11 (1976). However, leads, transmittal memoranda and status information do not qualify for this exemption. They do not fall in the same category as "rules as to personnel's use of parking facilities or regulations of lunch hours, statements of policy as to sick leave, and the like." S.Rep.No. 813, 89th Cong., 1st Sess. at 8 (1965), *as quoted in, Department of Air Force v. Rose*, 425 U.S. 352, 363, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)—matters of little interest to the public. Indeed, the disclosure of leads and status information in the case may reveal how the FBI proceeds in investigating a member of a "subversive organization," the Socialist Workers Party,—a matter of genuine and significant interest to the public.[1] Therefore, we will order the production of that deleted information for *in camera* inspection. We will release the information only if we decide that it qualifies for neither a (b)(2) nor (b)(7)(E) exemption.

■ We also want to examine information deleted by the government under Section 552(b)(7)(E) which protects "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would disclose investigative techniques and procedures." This provision does not exempt all investigative procedures and techniques from disclosure. Delineating the scope of this exemption, the Conference Committee states:

The conferees wish to make clear that the scope of this exception against disclosure of "investigative techniques and procedures" should not be interpreted to include routine techniques and procedures already well known to the public, such as ballistics tests, fingerprinting, and other scientific tests or commonly known techniques. Nor is this exemption intended to include records falling within the scope of subsection 552(a)(2) of the Freedom of Information law, such as administrative staff manuals and instructions to staff that affect a member of the public.

Conference Report No. 93–1200, 93d Cong. 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News, pp. 6285, 6291. We will examine the deleted information in light of this statement of legislative intent.

■ We agree with the agency that deletion of names and other information identifying confidential sources and of information elicited under an implicit or explicit promise of confidence is authorized under Section 552(b)(7)(D). However, we do not concur with the court in *Church of Scientology v. Department of Justice*, 410 F.Supp. 1297 (C.D.Cal.1976), that

it is clear that the Congress did not intend to throw open the confidential files of law enforcement to the general public, and its intent to protect against disclosure of confidential information extends to material provided by any confidential source including law enforcement agencies.

*Id.* at 1303. We are not certain that other law enforcement agencies can reasonably believe that all information which they may supply to a federal agency will be shielded from public disclosure. As public agencies subject to public scrutiny, other law enforcement agencies are in a very different position from that of a private citizen who has no legal duty to volunteer information to law enforcement agencies. However, we do not preclude the possibility that the information, although it may not be exempt under (b)(7)(D), may qualify for another exemption. Therefore, that deleted information, including the names of other law enforcement agencies, should be produced for *in camera* inspection.

■ The agency's excision of names and information identifying third persons as subjects of FBI investigation under Section 552(b)(7)(C) is valid. We agree with the agency that disclosure of that information would "constitute an unwarranted in-

---

1. We realize that investigative procedures may be exempt under § 552(b)(7)(E) to the extent that they are not "commonly known." *See* discussion of scope of (b)(7)(E) *infra*. If they are "commonly known," we are not presented with the situation mentioned by the Supreme Court in *Rose* where disclosure may risk circumvention of agency regulation.

vasion of personal privacy." [2] *See Tax Reform Research Group v. Internal Revenue Service*, 419 F.Supp. 415, 419–20 (D.C.Cir. 1976). Nevertheless, we are not satisfied with the agency's refusal to disclose documents containing large portions that pertain to the plaintiff because redaction of names will not adequately protect the privacy of third persons. Under Section 552(b), the agency has a duty to provide "reasonably segregable" portions of these documents. *See Kanter v. Internal Revenue Service*, 433 F.Supp. 812, 821–22 (N.D. Ill.1977). We will order *in camera* inspection of those documents to determine whether the agency's failure to provide larger portions of those documents was reasonable.

■ We do not believe that the excision of agents' names can be justified under (b)(7)(C) as an unwarranted invasion of their privacy. As employees of a public agency, they have no legitimate privacy right to the deletion of their names. Their involvement in investigative activities for the FBI is not a "private fact." While there may be instances when disclosure of an agent's identity would endanger his safety, exemption from disclosure under 552(b)(7) will be allowed only after a showing of that danger.[3] We will give the agency an opportunity to make such a showing before deciding whether to release this information.

■ We also question the agency's use of Section 552(b)(5) exemption for "intra-agency" memoranda. We will examine the portions deleted under that exemption to determine whether the information qualifies as "deliberative, non-factual, pre-decisional memoranda, the disclosure of which would injure the quality of agency decisions." *Tax Reform Research Group v. In-*

ternal Revenue Service, 419 F.Supp. 415, 422 (D.C.Cir.1976).

■ Finally, we regard as frivolous the defendants' request that we dismiss the entire action because the Director of the FBI as well as the agency itself was named as a defendant. *See Hamlin v. Kelley*, 433 F.Supp. 180 (N.D.Ill.1977).

Accordingly, we grant partial summary judgment for the defendants permitting them to withhold the following information:

1. Deleted information from documents 1 (9 page report), 3, 5, 6, 7, 8, 11, 15, 17, 18, 21, 22, 23.
2. Documents 24, 25, 26, 27, 28.

The following documents are to be produced for *in camera* inspection:

1 (5 page administrative report), 2, 4, 9, 10, 12, 13, 14, 16, 19, 20, 29, 30, 31, 32, 33.

## SUPPLEMENTAL OPINION

Pursuant to the court's order of September 29, 1977, the FBI has produced a series of documents for *in camera* inspection so that we might determine the portions of those documents which should be disclosed to the plaintiff under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The government continues to claim exemptions under Section 552(b)(7)(C), (D) and (E).[1] Section 552(b)(7) exempts investigatory records compiled for law enforcement purposes to the extent such records:

(C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled . . . by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures . . . .

---

2. Plaintiff has claimed no particular need for this information which would warrant the invasion of privacy.

3. Moreover, to the extent that the agents' names are protected by (b)(5), we will *not* release them. *See Tax Reform Research Group v. Internal Revenue Service*, 419 F.Supp. 415, 423–24 (D.C.Cir.1976).

1. The government no longer asserts the exemptions it previously claimed under Section 552(b)(2) and (b)(5) and as to one investigative technique under (b)(7)(E). It is our understanding that this material has been released to the plaintiff.

The claimed exemptions can be categorized as follows:

1. Names of FBI agents and local police officers, claimed under (b)(7)(C) as an "unwarranted invasion of personal privacy."

2. Names and identifying information concerning individuals who supplied the FBI with routine information and who are not "confidential sources" protected by (b)(7)(D). Privacy exemption claimed under (b)(7)(C).

3. Names and identifying data concerning "confidential sources"—persons giving information under an express or implied promise of confidentiality, protected by (b)(7)(D).

4. Information obtained only from confidential sources under an express or implied promise of confidentiality in the course of a national security investigation. (b)(7)(D).

5. Information identifying a third person subject to FBI investigation, where information concerning the plaintiff was allegedly not "reasonably segregable." (b)(7)(C) privacy exemption claimed.

6. (b)(7)(E) exemption claimed for one investigative technique found in Documents 13, 16, and 19.

## DISCUSSION

*1. Names of FBI agents and local police.* In our Memorandum Opinion of September 29, 1977, we decided that the excision of agents' names was not justified under (b)(7)(C) as an unwarranted invasion of their privacy. Exemption from disclosure under 552(b)(7) will be allowed only after a showing that disclosure of an agent's identity would endanger his safety. The govern-

ment admits that there is no evidence that plaintiff constitutes a threat to the safety of law enforcement personnel. *Second Affidavit of Alan P. Hoyt,* ¶ 6.C., p. 9. Nonetheless, they continue to assert a (b)(7)(C) exemption.[2] We will adhere to our prior decision, and will order the release of this information.[3] The same rationale applies to the identity of local police officials; accordingly, that information should be released as well.

*2. Identification of private individuals who are not "confidential sources."* The FBI relies on (b)(7)(C) to exclude the identities of persons providing routine information such as credit reports or personnel information. This deletion of names is warranted under the exemption.

■ Courts have construed (b)(7)(C) as patterned on exemption (b)(6) which "precludes disclosure of information which would constitute a clearly unwarranted invasion of personal privacy." *Tax Reform Research Group v. I. R. S.,* 419 F.Supp. 415, 419 (D.D.C.1976). In such cases, a balancing test is to be applied "between an individual's right of privacy and the preservation of the public's right to government information." *Campbell v. United States Civil Service Commission,* 539 F.2d 58, 61 (10th Cir. 1976). Among the factors to be considered are whether disclosure would result in an invasion of privacy, and "the extent or value of the public interest purpose or object of the individuals seeking disclosure." *Id.* See also, *Department of the Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); and *Getman v. N. L. R. B.,* 146 U.S.App.D.C. 209, 450 F.2d 670 (1971).

---

**2.** We are not persuaded by the government's summary assertion that the names are protectable under (b)(7)(A) because the wholesale release of agents' names would interfere with law enforcement proceedings. *Second Hoyt Affidavit,* p. 9. Clearly, this case does not involve a "wholesale" release of the identities of FBI agents.

**3.** The recent case of *Maroscia v. Levi,* 569 F.2d 1000 (7th Cir. 1977), does not require a differ-

ent result. In finding the identities of FBI employees and law enforcement personnel properly exempt under (b)(7)(C) or (7)(F), the Seventh Circuit specifically stated: "Underlying the above conclusions is the realization that plaintiff was being investigated for alleged illegal activities as part of legitimate law enforcement procedures." 569 F.2d at 1002. Mr. Ferguson was not under investigation for criminal activity.

 The disclosure of the names of the individuals providing routine information would result in an invasion of their personal privacy. Balanced against this invasion, the plaintiff has demonstrated no real need to know the identity of persons who supplied such routine information as credit reports or personnel information. Therefore, we find that the deletion of the names and addresses of these neutral third persons is warranted under Section 552(b)(7)(C).[4]

 3. *Identity of confidential sources.* The deletion of names and other information identifying confidential sources is clearly authorized under Section 552(b)(7)(D). The term "confidential source" applies to *persons* providing information under an express or implied assurance of confidentiality. Conference Report No. 93–1200, 93d Cong. 2d Sess., *reprinted in* 1974 *U.S. Code Cong. & Admin. News*, pp. 6285, 6291. This protection does not extend to entities such as corporations, credit bureaus, or other organizations, including law enforcement agencies. Accordingly, a (b)(7)(D) exemption is justified only in those instances where the personal identity of a confidential source is involved. In such cases, where investigating records were compiled for law enforcement purposes, including civil purposes, the agency can withhold the names and other information which would reveal the identity of the individual who is the confidential source. *See Conference Report* at 6291.

 4. *The actual information furnished by confidential sources.* Under Section 552(b)(7)(D), all information furnished *only* by a confidential source may be withheld where the records are compiled by an agency conducting a lawful national security intelligence investigation. *See Conference Report* at 6291. Also, confidential information compiled in the course of a criminal investigation may be withheld. *Id.*

"Personnel, regulatory, and civil enforcement investigations are covered by the first clause authorizing withholding of information that would reveal the identity of a confidential source but are not encompassed by the second clause authorizing withholding of all confidential information under the specified circumstances." *Id.* at 6292.

 Since there are apparently no criminal investigations involved in this case, to justify the exclusion of information obtained from a confidential source where that information would not tend to identify the source, the government must demonstrate that the information was furnished *only* by the confidential source, and that it was obtained during the course of a lawful national security intelligence investigation. The legislative conferees stated that:

"[N]ational security" is to be strictly construed to refer to military security, national defense, or foreign policy. The term "intelligence" in section 552(b)(7)(D) is intended to apply to positive intelligence gathering activities, counter-intelligence activities, and background security investigations.

*Conference Report* at 6291.

 Applying these legislative guidelines, we believe that information obtained under a promise of confidentiality in the course of a national security intelligence investigation[5] is properly exempt under Section 552(b)(7)(D), whether or not that information would reveal the identity of the source. Information which was not received in the course of a national intelligence investigation is exempt under (b)(7)(D) only to the extent disclosure would tend to reveal the identity of a source who received an express or implied promise of confidentiality.

5. *Identity of a third person subject to FBI investigation.* As was stated in our earlier opinion, the excision of names and information identifying third persons as

---

4. Of course, the (b)(7)(C) protection of personal privacy extends only to individuals.

5. For the purpose of deciding compliance with the FOIA, we feel it is not the province of this

court to inquire into the lawfulness of the investigation, where there is nothing on the face of it to indicate illegality.

subjects of FBI investigations is valid under Section 552(b)(7)(C) since disclosure would "constitute an unwarranted invasion of personal privacy." However, *in camera* inspection of these "third party" documents has revealed "reasonably segregable" portions of these documents pertaining to the plaintiff which should be disclosed to him under the provisions of Section 552(b). The details of the extent of disclosure are discussed in the order *infra*.

■ 6. *Investigative technique claimed under (b)(7)(E).* As we previously stated, investigative techniques are exempt from disclosure only to the extent they are not commonly known to the public. *In camera* review of the documents concerned and the *In Camera "(b)(7)(E)" Affidavit* does not convince the court that "security flashes," or the tagging of fingerprints, is the type of investigative technique meant to be protected by Section 552(b)(7)(E). Mr. Hoyt states in his affidavit that the use of "flashes" is generally well known or suspected as it relates to fugitives. *"(b)(7)(E)" Affidavit*, p. 3. If this is so, the technique is not so unique as to warrant the exemption. The distinction attempted between fugitives and criminals under investigation is not persuasive. There is no reason to suppose that the use of a successful technique would be limited to a particular kind of case, and disclosure that it is not so limited will not in our view compromise any governmental interest sought to be protected by (b)(7)(E). Thus, the government should disclose to plaintiff those portions of documents 13, 16 and 19 claimed to be exempt under (b)(7)(E).

## CONCLUSION

A judgment order is being entered this date granting partial summary judgment to each of the parties in accordance with this memorandum opinion.