[Civ. No. 7273. Fifth Dist. Apr. 10, 1984.]

DONALD BRAUN, Plaintiff and Appellant, v.
CITY OF TAFT et al., Defendants and Appellants;
GEORGE POLSTON, Real Party in Interest and Respondent.

**COUNSEL**

Silver & Kreisler, Silver, Kreisler, Goldwasser & Shaeffer and George W. Shaeffer, Jr., for Plaintiff and Appellant.

Rex R. Mull, Edwin W. Wilson and Andrew R. Haut for Defendants and Appellants.

No appearance for Real Party in Interest and Respondent.

**OPINION**

**ANDREEN, J.**—Plaintiff Donald Braun (Braun) appealed from a judgment denying him attorney fees. Defendant City of Taft (City) cross-appealed. We affirm.

## I. FACTUAL BACKGROUND

Braun was a duly elected councilman for City. As such, he investigated a perceived irregularity in the appointment of real party in interest George Polston (Polston) as transit administrator. The city manager would neither admit nor deny the appointment, so Braun requested from a city employee

a copy of Polston's salary card, which showed that Polston had been so appointed on June 25, 1979. Later, Braun requested copies of a letter dated June 25, 1979, which appointed Polston to the position of transit administrator, and a letter dated June 29, 1979, rescinding the appointment and reinstating Polston as a firefighter. Although he was permitted to review the Polston personnel file, which contained the two letters, Braun was denied copies of the letters. (He had, on his own, previously made a copy of the face side of the salary card.) He also, once again, saw the salary card, which had been modified by whiting out the appointment as transit administrator and the word "firefighter" was printed over the whited out portion. The mentioned documents are set forth in the appendix.

Braun displayed the face side of the salary card and the two letters to a member of the press. He did not reveal the remainder of Polston's personnel file.

Deeming himself aggrieved, Polston filed a grievance against Braun charging "unwarranted invasion of the privacy of my personnel file." Pursuant to personnel procedures, this was heard before the city council. During the city council proceeding, Braun requested copies of the letters and salary card. The request was denied. He also requested a ruling as to whether his disclosure of the documents constituted an unwarranted invasion of Polston's privacy. The council refused to consider this matter.

After the close of the hearing, the city council enacted a resolution which censured Braun for disclosing the letters and salary card.

## II. PLEADINGS AND PROCEDURE

Braun filed the instant action in superior court. In the first cause of action, he alleged his censure and requested a review of whether the documents are exempt from disclosure under the California Public Records Act (Gov. Code, § 6250 et seq.).[1] He sought a writ of mandate pursuant to Code of Civil Procedure section 1094.5 commanding City to set aside its censure action.

The second cause of action is not before us, as a demurrer was sustained and Braun did not amend; no party makes an issue of that ruling on appeal.

The third cause of action was for declaratory relief, and requested a declaration that the documents are public records open to inspection and available for copying.

---

[1] All statutory references are to the Government Code unless otherwise indicated.

As to both the first and third causes of action, he requested reasonable attorney fees pursuant to the provisions of section 6259.

The matter came before the court on an order to show cause, evidence was taken and the court ruled that the letters and the face side of the salary card were public records and were not confidential personnel records. The court also ruled that Braun was entitled to copies of same. The matter was remanded to the city council to reconsider its decision. The request for attorney fees was denied.

### III. Public Records

Section 6252, subdivision (d) defines public records within the meaning of the California Public Records Act: " 'Public records' includes any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics."

█ The mere custody of a writing by a public agency does not make it a public record, but if a record is kept by an officer because it is necessary or convenient to the discharge of his official duty, it is a public record. (*San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 774 [192 Cal.Rptr. 415].) The court in *San Gabriel Tribune* included in its discussion of what is a public record the following: " ' "This definition is intended to cover every conceivable kind of record that is involved in the governmental process and will pertain to any new form of record-keeping instrument as it is developed. Only purely personal information unrelated to 'the conduct of the public's business' could be considered exempt from this definition, i.e., the shopping list phoned from home, the letter to a public officer from a friend which is totally void of reference to governmental activities." Assembly Committee on Statewide Information Policy California Public Records Act of 1968. 1 Appendix to Journal of Assembly 7, Reg. Sess. (1970), see also 53 Ops.Cal.Atty.Gen. 136, 140-143 (1970).' (58 Ops.Cal.Atty.Gen. 629, 633-634 (1975).)" (*Ibid.*)

█ The two letters and the personnel card are public records. They clearly related to the conduct of the City's business.

Unless the letters and the card were exempt (§ 6254), or the City can show justification for not disclosing them (§ 6255), then the City must make these records accessible to the public. (§ 6253.)

### IV. Polston Criminality

The court took judicial notice of a criminal complaint and disposition regarding Polston. The complaint charged Polston with embezzlement (Pen.

Code, § 504) and grand theft (Pen. Code, § 487, subd. 1) from the Taft Area Transit District. It was alleged that these acts occurred between October 1, 1979, and August 31, 1980. (This was two months after Braun's censure hearing.) Polston pleaded guilty to the grand theft (Pen. Code, § 487, subd. 1) and the embezzlement count (Pen. Code, § 504) was dismissed.

■ City contends that it was error for the court to take judicial notice of the criminal complaint and disposition regarding Polston. Citing *Trust* v. *Arden Farms Co.* (1958) 50 Cal.2d 217, 224 [324 P.2d 583, 81 A.L.R.2d 332], City analogizes the rule set forth in *Trust* with the present case. In *Trust* the court said "It is the general rule that evidence of subsequent accidents has no probative tendency to show that a defendant might reasonably have anticipated the previous accident, and therefore such evidence is inadmissible." City says "the subsequent crime and conviction of real party in interest [Polston] has no probative tendency to show that the City Manager might reasonably have concluded that the appointment was premature, and therefore such evidence should be inadmissible."

Whether or not the analogy to *Trust* is appropriate, we can find no legitimate purpose for this evidence. However, this was a court, not jury, trial and the issue of whether the disclosure of the records was warranted could not have been affected by events occurring several months after the operative facts of this case. A trial judge would certainly understand this. Therefore, the error is harmless.

V. SECTION 6254, SUBDIVISION (c) EXEMPTION

Section 6254 exempts several types of records from disclosure. Subdivision (c) exempts "Personnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy."

■ ■ City contends that section 6254, subdivision (c) applies to the three documents and exempts them from disclosure. ■ City contends that since this exemption says "files," the Legislature intended to exempt the entire file. Thus, selective disclosure of certain documents would not be allowed, i.e., it is all or nothing. In view of section 6250 which states that "In enacting this chapter, the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state" and the policy favoring disclosure of public records (*Cook* v. *Craig* (1976) 55 Cal.App.3d 773, 781 [127 Cal.Rptr. 712]), it is unlikely that the Legislature intended an all or nothing approach. ■ Statutes should be interpreted so as to be consistent with the legislative

purpose. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

■ Whether a disclosure of records is warranted or unwarranted was a question of fact for the trial court to determine by looking at the attendant circumstances. In order to find an abuse of discretion, it would be necessary to find that the decision was not supported by substantial evidence.

■ ■ Implicit in the trial court's decision that the records were public and that Braun was entitled to copies of them is a finding that the documents were not exempt under section 6254, subdivision (c) because their disclosure did not constitute an unwarranted invasion of privacy.

City contends that disclosure of the letters appointing then rescinding the appointment of Polston to the post of transit administrator would cause him embarrassment. City also contends that disclosure of the information on the front page of the salary card (name, address, home phone number, age, credit union number, leave of absence, salary, etc.) would expose Polston to harassment at home and over the phone.

■ The California Public Records Act (§ 6250 et seq.) was modeled after the 1967 federal Freedom of Information Act. Since the acts are so similar, California courts have used federal law to construe the California act. (*San Gabriel Tribune* v. *Superior Court, supra,* 143 Cal.App.3d 762, 777.) Both the federal and California courts have construed the statutory exemptions narrowly in order to accomplish the general policy of disclosure. (*Id.,* at pp. 772-773.) 5 United States Code section 552(b)(6) is the federal counterpart to section 6254, subdivision (c). It exempts "personnel and medical files and similar files the disclosure of which would constitute a *clearly* unwarranted invasion of personal privacy." (Italics added.) Section 6254, subdivision (c) exempts "[p]ersonnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy."

City contends that the federal act tilts more in favor of disclosure than the California act because California omitted the word "clearly" from section 6254, subdivision (c). Thus, City contends that the federal cases that do not allow disclosure are even more persuasive when analyzing the cases in California because California's statute is more restrictive in allowing disclosure. This distinction does not carry much weight, because California has adhered to the federal courts' policy of narrowly construing the disclosure exemptions. (*San Gabriel Tribune* v. *Superior Court, supra,* 143 Cal.App.3d at p. 778.)

City contends that the federal case *Campbell* v. *United States Civil Service Commission* (10th Cir. 1976) 539 F.2d 58 squarely supports its position and poses precisely the same question. In *Campbell,* the appellants sought disclosure of a routine report prepared by the United States Civil Service Commission which contained analysis of personnel management at the Environmental Research Laboratory in Boulder, Colorado. Appendix 1 to the report contained a list of employees who were classified too high for the duties they were performing. Appendix 2 named an employee who had been promoted contrary to regulations. The agency released all portions of the report save appendixes 1 and 2. The court held that the lower court had not abused its discretion in holding that the appendixes should not be disclosed. The court said at page 62: "The disclosure of the personnel records in the instant case would be a serious invasion of privacy. Matters such as an individual's job classification, his salary and information as to overclassification are also personal and capable of causing embarrassment. The same is true of a promotion contrary to regulations. Also, the public interest in efficient and lawful personnel management by government agencies is better served by disclosure of general agency performance rather than by specific revelation of individual problems such as overclassification. Practically no public interest is advanced by disclosure of the latter."

Although the *Campbell* case is similar to the instant case, there are three dissimilarities. In finding that nondisclosure was proper, the court was reviewing the lower court's decision, which held that the documents should not be disclosed, on an abuse of discretion standard.

Second, *Campbell* is distinguishable on its facts, for the federal agency had publicized copies of the report which evaluated its performance. The only thing withheld was the identity of those who were overclassified and the name of the person promoted contrary to regulations. The appellate panel found that the public interest was best served by disclosure of general agency performance rather than disclosure of specific names of the involved employees. In the instant case, there was a refusal of the city manager to admit or deny the unlawful appointment. Access to records proving it then became in the public interest.

Third, as we will establish below, California has a statutory provision relating to employment contracts.

In *Sims* v. *Central Intelligence Agency* (D.C. Cir. 1980) 642 F.2d 562, the court found that 5 United States Code section 552(b)(6) did not apply to the disclosure of names of people entering into contracts with the federal government. In reaching this decision the court said, "Exemption 6 was

developed to protect intimate details of personal and family life, not business judgments and relationships." (*Id.*, at p. 575.)

■ The letters of June 25 and June 29 contain no personal information. Although reclassification may be embarrassing to an individual (*Campbell*), in California, employment contracts are public records and may not be considered exempt. (§ 6254.8.) The letters were memoranda of Polston's appointment to a position and the rescission thereof; they therefore manifested his employment contract. Because the letters regarded business transactions and contained no personal information, the court properly ordered disclosure of the letters.

■ The disclosure of the front portion of the salary card poses more difficulty. The salary card contains Polston's address, birth date, social security number, his job classifications, his salary and credit union number. There is a telephone number which may be a home phone.

Since the information on the salary card is of a more personal nature, the chance of an unwarranted invasion of privacy is greater. In its tentative ruling, following the *in camera* inspection, the court held that the salary card should not be disclosed. But, after hearing argument, the court ruled that the face side of the salary card should be revealed. The court thought it relevant that the salary card had been altered and the transit administrator position had been whited out. The court stated "the Court will now declare Page 1 of the fireman's record as public and relevant, because in chambers I did not know what the relevance was. But whether it's altered or not, when it's altered to put someone into an office that wasn't properly followed is a matter that is relevant, should be made public."

In order to show that the card had been altered, it was not necessary to expose the entire front portion of the card. The only relevant part of the front of the card was the portion which had been altered. The phone number, birth date, address, social security and credit union numbers, and salary of Polston were not relevant to Braun's concerns. ■ "[W]here nonexempt materials are not inextricably intertwined with exempt materials and are otherwise reasonably segregable therefrom, segregation is required to serve the objective of the PRA to make public records available for public inspection and copying unless a particular statute makes them exempt." (*Northern Cal. Police Practices Project* v. *Craig* (1979) 90 Cal.App.3d 116, 124 [153 Cal.Rptr. 173].)

■ Since some of the information on the salary card was personal and not relevant to the inquiry, the trial court could have ordered the irrelevant personal items taken out before the card was made public. If this had been

done the invasion of privacy was warranted for the same reasons the disclosure of the letters was.

We are reluctant to reverse on the limited ground that some personal data was on the face side of the salary card. The data listed on the card was not in any way embarrassing. One's telephone number and address, although personal, are seldom secret. There is nothing in the record to show that such information was not available through a city directory or telephone book. Few persons would find interest in Polston's social security and credit union numbers, or birth date. A salary classification is public information. (§ 6254.8.)

The court was within its discretion in finding that the disclosure of the face sheet of the salary card would not constitute an unwarranted invasion of personal privacy.

## VI. Public Interest Served by Withholding the Records

Section 6255 provides: "The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record." Section 6255 has no counterpart in the federal Freedom of Information Act. (*American Civil Liberties Union Foundation* v. *Deukmejian* (1982) 32 Cal.3d 440, 452 [186 Cal.Rptr. 235, 651 P.2d 822].) ▪ If a record is found to be nonexempt under section 6254, then it can still be withheld under section 6255.

▪ The weighing process under section 6254, subdivision (c) to determine whether the disclosure would constitute an unwarranted invasion of privacy requires a consideration of almost exactly the same elements that should be considered under section 6255. ▪ The burden of demonstrating a need for nondisclosure is upon the agency claiming the right to withhold the information. (*San Gabriel Tribune* v. *Superior Court, supra,* 143 Cal.App.3d 762, 780.)

The public interest served by nondisclosure has been upheld under section 6255, where the plaintiff sought to disclose audit manuals which contained the "game plan" for audits regarding Medi-Cal regulations (*Eskaton Monterey Hospital* v. *Myers* (1982) 134 Cal.App.3d 788 [184 Cal.Rptr. 840]), where the burden of segregating exempt from nonexempt information would be substantial (*American Civil Liberties Union Foundation* v. *Deukmejian, supra,* 32 Cal.3d 440, 453), and where information was obtained with the

understanding that it would be kept confidential (*Johnson* v. *Winter* (1982) 127 Cal.App.3d 435, 439 [179 Cal.Rptr. 585]).

The public interest in disclosure outweighs that of nondisclosure and allows disclosure of pesticide applicator spray reports (*Uribe* v. *Howie* (1971) 19 Cal.App.3d 194, 213 [96 Cal.Rptr. 493]), and allows disclosure of the provisions of governmental contracts made on behalf of residents of a town. (*San Gabriel Tribune* v. *Superior Court, supra,* 143 Cal.App.3d 762, 780.)

■■■ City asserts several reasons for justifying nondisclosure. City claims it would be "difficult to secure good public employees if every mistake or error in judgment were disseminated for public consumption. It would be difficult to obtain candid information from personnel applicants if they knew the information provided would be public knowledge." These contentions carry no weight. Just because disclosure is allowed in this case does not mean that disclosure will be allowed in others. Each case must undergo an individual weighing process. The weighing process involves what public interest is served in this *particular* instance in not disclosing the information versus the public interest served in disclosing the information.

We doubt that the quality of the employees obtained by City would deteriorate because in this particular case limited documents were ordered disclosed. Every error or mistake would not be disclosed, only those errors or mistakes in which the public interest in disclosure outweighs the interest in nondisclosure. Also, information provided by employees would not automatically be public knowledge; again it would depend on the weighing process. Furthermore, section 6254, subdivision (c) adds an additional weighing process and extra protection when information is contained in personnel, medical or similar files.

Since we find that the records are not exempt under section 6254, subdivision (c) because they do not constitute an unwarranted invasion of privacy, it follows that the public interest asserted by City under section 6255 would not clearly outweigh the public interest served by disclosure of the records.

Finally, the clear provisions of section 6254.8 govern, for it provides, in part, "Every employment contract . . . is not subject to . . . Section[] . . . 6255."

## VII. CONSTITUTIONAL RIGHT TO PRIVACY

■■■ The final public interest which City asserts is the individual's constitutional right to privacy. City contends that disclosure is prohibited by

law because the right to privacy is now of constitutional dimension (Cal. Const., art. I, § 1) and that this right to privacy prohibits disclosure of documents held by a public agency if they relate to the personnel file of an individual.

We believe that the constitutional right to privacy must be balanced against the public's interest in its business in much the same way that the courts have sought accommodation of the reputational interests of the individual and the United States Constitution's First Amendment's protection of press freedoms. (See, e.g., *New York Times Co.* v. *Sullivan* (1964) 376 U.S. 254 [11 L.Ed.2d 686, 84 S.Ct. 710, 95 A.L.R.2d 1412].) Although one does not lose his right to privacy upon accepting public employment, the very fact that he is engaged in the public's business strips him of some anonymity.

The balancing test employed by the trial court in its determination that the records were not exempt under section 6254, subdivision (c) because they do not constitute an unwarranted invasion of privacy is the same one which should be utilized in weighing the right to privacy against the right of the public to oversee the actions of governmental employees. The trial court carefully considered the clash between the need for public disclosure of its business and the need of the individual to privacy when making its determination under section 6254, subdivision (c); no more is required under article I, section 1, of the California Constitution.

## VIII. REMAND

 City contends that the censure of Braun was proper regardless of whether the records were subject to disclosure because his "breach of duty consisted not only of his disclosure of confidential records but of his unilateral decision regarding their suitability for disclosure." In its resolution censuring Braun, the council found that "Braun did reveal confidential personnel records of employee George Polston to a representative of the press without the consent of Mr. Polston, and without the approval of the City Council, the City Manager or the City Attorney." The council further found that this disclosure "should have been presented in a manner not requiring public disclosure of confidential personnel documents without the consent of the parties concerned." Thus, it is clear that the council based its determination to censure Braun, at least in part, on the fact that the papers Braun disclosed were confidential. Therefore, the council should redetermine its position in light of this opinion. This does not mean that the council may

not consider the acts of Braun and censure him,[2] it only means that it cannot base its findings on the fact that the papers were confidential.

### IX. ATTORNEY FEES

The trial court denied attorney fees to Braun, and he appeals on that issue.

As a general rule attorney fees are not allowed unless they are specifically authorized by agreement or statute. (*Smith* v. *Krueger* (1983) 150 Cal.App.3d 752, 756 [198 Cal.Rptr. 174].) Section 6259 specifically allows the recovery of attorney fees. It provides:

"Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a *member of the public,* the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why he should not do so. The court shall decide the case after examining the record in camera, if permitted by subdivision (b) of Section 915 of the Evidence Code, papers filed by the parties and such oral argument and additional evidence as the court may allow.

"If the court finds that the public official's decision to refuse disclosure is not justified under the provisions of Section 6254 or 6255, he shall order the public official to make the record public. If the judge determines that the public official was justified in refusing to make the record public, he shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure. Any person who fails to obey the order of the court shall be cited to show cause why he is not in contempt of court. The court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. Such costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency." (Italics added.)

At the time of trial, section 6252, subdivision (f), which defines a member of the public, had not been enacted.[3] We are able to discuss the issue of

---

[2]Braun was one of several coequals on the council. Upon being advised that he could not obtain copies of the records, he could have asked for an executive session of the council so that a determination could be made whether the records were exempt. (§§ 6254, subd. (c), 6255.)

[3]Section 6252, subdivision (f) provides: "(f) 'Member of the public' means any person, except a member, agent, officer, or employee of a federal, state, or local agency acting within the scope of his or her membership, agency, office, or employment."

attorney fees without reference to whether we should declare section 6252, subdivision (f) retroactive.

■ Section 6259 was enacted to carry out the purposes of the California Public Records Act. Through the device of awarding attorney fees, citizens càn enforce its salutary objectives.

■ In the instant case, Braun was given access to the public records by virtue of his capacity as a member of the city council. Although his request for copies of the documents was not honored, he was in no way injured or hampered in his attempts to publicize what had transpired.

Braun's defense of his activities at the grievance hearing before the city council and the instant action are not the type of litigation envisioned in section 6259. Braun may be seen as acting with the primary purpose of protecting his reputation as a member of the city council, rather than as a member of the public seeking withheld public information.

The refusal to award attorney fees was proper.

### X. Conclusion

The judgment is affirmed.

Franson, Acting P. J., and Woolpert, J., concurred.

The petition of plaintiff and appellant for a hearing by the Supreme Court was denied June 20, 1984.