Filed 6/26/15  Certified for Publication 7/21/15 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LAW OFFICES OF MARC GROSSMAN, | |
| Plaintiff and Appellant, | E059579 |
| v. | (Super.Ct.No. CIVVS1103873) |
| VICTOR ELEMENTARY SCHOOL DISTRICT, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  David S. Cohn, Judge.  Reversed.

Law Office of Marc Grossman and Jake Richards for Plaintiff and Appellant.

Orrock, Popka, Fortino, Tucker & Dolen; Dennis G. Popka and M. Wayne Tucker for Defendant and Respondent.

The Law Firm of Marc Grossman (plaintiff or Law Firm) represented a student of defendant Victor Elementary School in a civil action arising from an assault that took place at the school.  The plaintiff, in the name of the law firm, filed a petition for writ of

1

mandate in the trial court under the Public Records Act (Govt. Code, § 6258) seeking documentation reflecting the amount of money spent defending the litigation. That petition was denied, so relief was sought in this Court, which granted the petition. Upon issuance of the remittitur, plaintiff filed a Memorandum of Costs seeking, among other costs, attorneys' fees for the petition. The trial court granted defendant's motion to tax costs, denying attorneys' fees. Plaintiff appealed from the denial of attorneys' fees.

On appeal, plaintiff argues the trial court erred in denying fees on the ground plaintiff represented itself in the trial court. We reverse.

## BACKGROUND

Due to the limited record, we take judicial notice of the records in the previous writ proceedings in Case No. E056931, *Law Offices of Marc E. Grossman v. Victor Elementary School*. In that proceeding, plaintiff Law Firm filed a petition for writ of mandate in the trial court, as a member of the public, seeking disclosure of documents reflecting the amount defendant had expended in defense of the civil action entitled *Jose E*[.]*, a minor, v. Victor Elementary School District, et al.,* San Bernardino Superior Court Case No. VCVVS041304.

The trial court denied the petition, giving rise to the filing of a petition for writ of mandate in this Court, again in the name of the Law Firm. We directed that the Superior Court vacate its order denying the petition and enter a new order granting the requested disclosure. (*Law Offices of Marc E. Grossman v. Victor Elementary Sch. Dist.* (Oct. 12, 2012, E056921, unpub. opn. p. *4.) Our disposition further stated that pursuant to

2

Government Code section 6259, petitioner was entitled to recover its court costs and reasonable attorney fees. (*Ibid.*)

Following issuance of the remittitur, plaintiff filed a Memorandum of Costs, including $16,327.00 for attorney fees on line 10. Defendant filed a motion to tax costs, challenging only the amount of attorney fees sought. The trial court noted that a judgment in the mandamus matter had not yet been entered. The court entered judgment directing defendant to release to plaintiff all documents reflecting the total amount of money spent on attorney's fees defending, awarded plaintiff costs in the amount of $1375.00, but awarded no attorney fees on the ground that an attorney representing himself cannot recover attorneys' fees. Plaintiff appealed.

## DISCUSSION

Government Code section 6259, subdivision (d), the California Public Records Act (CPRA), provides that the court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. (*Garcia v. Bellflower Unified School Dist. Governing Bd.* (2013) 220 Cal.App.4th 1058, 1065.)

The CPRA was enacted for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies. (*Braun v. City of Taft* (1984) 154 Cal.App.3d 332, 342.) The Legislature has declared that such "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (Govt. Code, § 6250; see also, *Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 425–426 (*Filarsky*).)

3

The CPRA includes protections and incentives for members of the public to seek judicial enforcement of their right to inspect public records subject to disclosure, one of which is the provision that the court shall award court costs and reasonable attorney fees to the prevailing plaintiff. (*Filarsky, supra,* 28 Cal.4th at p. 427.) The very purpose of the attorney fees provision is to provide protections and incentives for members of the public to seek judicial enforcement of their right to inspect public records subject to disclosure. (*Community Youth Athletic Center v. City of National City* (2013) 220 Cal.App.4th 1385, 1447.) The CPRA mandates a fee award to a plaintiff if it prevails, and to a defendant only if the plaintiff's case is clearly frivolous. (*L.A. Times v. Alameda Corridor Transp. Auth.* (2001) 88 Cal.App.4th 1381, 1391.)

We review an award of fees and costs by the trial court for abuse of discretion. (*Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1379.) However, de novo review of an award is appropriate where the determination of whether the criteria for an award of attorney fees and costs have been satisfied amounts to statutory construction and a question of law. (*Ibid.*; *Bertoli v. City of Sebastopol* (2015) 233 Cal.App.4th 353, 365.)

Here, plaintiff was the prevailing party in the underlying mandamus proceeding. On remand, the defendant did not initially challenge plaintiff's entitlement to an award of attorney fees. Instead, at the hearing on the motion to tax costs, it was the court, which, for the first time, questioned plaintiff's entitlement to attorney fees, referring to the holding of *Trope v. Katz* (1995) 11 Cal.4th 274 (*Trope*). This was improper, without giving plaintiff an opportunity to address the issue.

4

On appeal, defendant relies on the reasoning of *Trope,* but *Trope* is inapposite. In *Trope,* a law firm sued an ex-client for unpaid attorney's fees and sought attorney's fees with regard to the action for recovery of those attorney's fees. There, the action to recover fees was based on Code of Civil Procedure section 1717, which permits an award of fees in any action on a contract where the contract specifically provides for such fees and costs. The Supreme Court reasoned that the term "fee" related to the consideration that a litigant actually paid or became liable to pay in exchange for legal representation, and that an attorney litigating in propria persona pays no such compensation. (*Trope, supra,* 11 Cal.4th at p. 280.) That case did not involve a petition brought pursuant to the CPRA, and it did not involve a law firm seeking disclosure of public information relating to civil litigation defense costs in other cases.

Here, the Law Firm represented a plaintiff, Jose E., in an action against the defendant arising from injuries sustained in a violent bathroom assault.[1] Although the Law Firm filed the petition for writ of mandate in its own name, the petition clearly alleged that it sought documentation relating to the amount of money spent defending the civil case litigated on behalf of Jose E. The mandamus action was not filed to seek compensation for the Law Firm or to obtain any other relief beneficial to the plaintiff firm alone. It was filed to obtain information pertinent to three separate civil actions filed on behalf of separate clients of plaintiff. To deny fees because the petition was filed in

---

[1] The Law Firm asserted in its opening brief that it also represented several of Jose E.'s classmates who had been molested by their teacher, an employee of defendant.

5

the name of the Law Firm is to elevate form over substance. But "[w]e care about the nature of the transaction, not the label attached." (*Microsoft Corp. v. Franchise Tax Board* (2006) 39 Cal.4th 750, 761.)

More importantly, our order in the previous proceedings on mandamus stated that "petitioner *shall* recover its court costs *and* reasonable attorney fees." [Italics added.] In defendant's motion to tax costs, the school district did *not* contend that attorney fees were not allowed, nor did defendant assert that plaintiff was not entitled to fees because it had litigated the mandamus petitions in propria persona. It merely objected to the amount requested by plaintiff for attorney fees. The trial court abused its discretion by applying an inapposite decision to deny attorney fees without prior notice to the plaintiff.

## DISPOSITION

The portion of the judgment denying attorney fees to plaintiff is reversed. The matter is remanded to the San Bernardino Superior Court for a determination of reasonable attorney's fees to which plaintiff is entitled.

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

6

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

**ORDER**

LAW OFFICES OF MARC GROSSMAN,
  Plaintiff and Appellant,

    v.

VICTOR ELEMENTARY SCHOOL DISTRICT,
  Defendant and Respondent.

_____

E059579

(Super.Ct.No. CIVVS1103873)

The County of San Bernardino

    A request having been made to this court pursuant to California Rules of Court, rule 8.1120(a), for publication of a nonpublished opinion heretofore filed in the above matter on June 26, 2015, and it appearing that the opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c),

    IT IS SO ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

RAMIREZ
P. J.

I concur:

McKINSTER
      J.