[Civ. No. 33253. First Dist., Div. Two. Nov. 9, 1973.]

RAYMOND K. PROCUNIER, as Director, etc., et al., Petitioners, v. THE SUPERIOR COURT OF MONTEREY COUNTY, Respondents; EUGENE RICHARD HERTH et al., Real Parties in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, John T. Murphy and Michael Buzzell, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Harkjoon Paik, Public Defender, and David A. Barish, Deputy Public Defender, for Real Parties in Interest.

## OPINION

**TAYLOR, P. J.**—We treat this case as a companion to *Procunier* v. *Superior Court* (1 Civ. 33586) *ante,* p. 207 [110 Cal.Rptr. 529], and the question is whether the court's order requiring disclosure of assertedly privileged information in the possession of petitioners, i.e., building plans, lay-out plats, maps and diagrams that depict the Correctional Training Facility at Soledad (Items 20 and 26) and lists compiled by the Department of Corrections for security purposes indicating inmate membership in organizations known as the Mexican Mafia, the New Family and the Aryan Brotherhood (Item 10), violated petitioners' privilege to refuse to disclose official information.

Of course, it was the duty of the Attorney General, as the authorized representative of petitioners, to assert below the privilege to refuse to disclose official information pursuant to Evidence Code section 1040 and to advise the trial court that disclosure was expressly forbidden by a statute of this state (Gov. Code, § 6254, subd. (f); see also Gov. Code, § 6255). He neglected to do so.

However, in our opinion, an overwhelming public and governmental interest dictates that the security of the prison system and the safety of the citizens of this state should not be dependent on the happenstance of a

public official's familiarity with Evidence Code section 1040 or his assertion of the privilege therein provided.

■ Let a peremptory writ of mandate issue, directing the trial court to set aside Items 10, 20 and 26 of its discovery order of May 2, 1973.

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied December 7, 1973, and the petition of real party in interest Gallegos for a hearing by the Supreme Court was denied January 23, 1974. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.