[No. B045565. Second Dist., Div. Six. Mar. 23, 1990.]

NEW YORK TIMES COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
GOLETA WATER DISTRICT, Real Party in Interest.

**COUNSEL**

Price, Postel & Parma, C. Michael Cooney and David K. Hughes for Petitioner.

No appearance for Respondent.

Wayne K. Lemieux, Dorothy Lou Crisp, Robert E. Goodwin and Russell Ruiz for Real Party in Interest.

**OPINION**

**STONE (S. J.), J.**—Does a newspaper have the right to the names and addresses of a water district's customers who exceeded their water allocation after implementation of a water rationing ordinance? We conclude that the mere assertion by the water district of possible harassment or physical endangerment does not "clearly outweigh" the public interest in disclosure of these records. We further conclude that the superior court, in denying

the newspaper access to the water district's list of excessive water users, exceeded its jurisdiction in failing to place the burden to justify nondisclosure of these records on the water district, and shall annul its order.

## PROCEDURAL BACKGROUND

As a result of a severe and protracted water shortage, the Goleta Water District (District) adopted ordinance 89-1, effective May 1, 1989, prohibiting certain uses of water and imposing limitations upon the amount of water which customers may receive from the District. Methods of enforcement include imposition of a surcharge of four times the highest billing rate for excessive use in the first and second billing periods, ten times the highest billing rate for the third and fourth periods of excessive use, imposition of a flow restrictor after the third consecutive billing period of excessive use, and ultimately, the draconian measure of termination (of water service, not the customer). The ordinance also permits a customer's account to be credited for any amount of surcharge payments if total water usage during the 12-month period from May 1, 1989, to May 1, 1990, is equal to or less than the total allowed usage for that 12-month period.

Petitioner, a newspaper, sought, under the California Public Records Act (Gov. Code, § 6250 et seq.),[1] a court order that the District disclose the names and addresses of those customers who exceeded their water allocation during the first period after implementation of the ordinance. Petitioner contended that public disclosure—and resultant embarrassment—would provide undeniable incentive to comply with the ordinance and the public would be better able to monitor the District's enforcement policies. The District claimed that such information would intrude upon its customers' constitutional right of privacy and that any legitimate purpose for disclosure would be outweighed by the harm that would be visited upon the customers. The District agreed, however, to provide the names of commercial, agricultural, and multifamily users that had exceeded water allocations, as well as account numbers, amount of excess use, and penalties imposed upon individual residential customers. The District refused to disclose the names and addresses of the individual residential customers.

Petitioner moved to compel disclosure of the names and addresses of all customers as constituting public records as defined in section 6252, subdivision (d).[2] The District argued that petitioner's request was premature since the ordinance was only recently implemented. Additionally, it pointed out that since water usage is seasonal, a customer might well use more water in

---

[1] All statutory references are to the Government Code unless otherwise indicated.

[2] Section 6258 provides that anyone may institute proceedings for injunctive or declaratory relief to enforce the right to inspect or to receive a copy of any public record.

the hot months and be above allocation, but conserve in the cooler months and not use more than the yearly allocation at the end of the 12-month period. The court placed the burden on petitioner to justify the public's right, or need, to know the particular names of individual persons and their addresses, as opposed to statistical information concerning excess use, until such time that the customer becomes a chronic water abuser and subject to imposition of a flow restrictor.[3]

The court stated it could take judicial notice of the amount of litigation concerning water use in Goleta and of the drought condition. It was also aware of the passionate feelings in the community concerning water use, and feared that disclosure of customers' identities would not only subject them to embarrassment, but verbal and possibly physical assault. The court denied the motion to compel disclosure of the names and addresses of individuals and ordered disclosure only of the information already provided to petitioner, including the amount of water used by customers that had exceeded their allotments.

Petitioner now seeks a writ of review. (§ 6259, subd. (c).) It asserts that the information sought is not sensitive, and that there is a public interest in opening to inspection the names of the District's wayward customers. (See *Braun* v. *City of Taft* (1984) 154 Cal.App.3d 332, 345 [201 Cal.Rptr. 654]; *San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 774 [192 Cal.Rptr. 415].) Further, petitioner argues that the District's assertion of possible harassment is speculative, and does not " 'clearly outweigh' " the public interest in having access to this information. (*CBS, Inc.* v. *Block* (1986) 42 Cal.3d 646, 652 [230 Cal.Rptr. 362, 725 P.2d 470].) We agree.

DISCUSSION

1. *Standard of Review*

■ Petitioner asserts that the court, in making its order, exceeded its jurisdiction. An order directing or refusing disclosure is reviewable only by extraordinary writ of review as defined in Code of Civil Procedure section 1067. (§ 6259.) Grant of writ of review or certiorari (Code Civ. Proc., § 1067) is limited only to those cases in which a trial court has exceeded its jurisdiction. (Code Civ. Proc., §§ 1068, 1074; *Freedom Newspapers, Inc.* v. *Superior Court* (1986) 186 Cal.App.3d 1102, 1108-1109 [231 Cal.Rptr. 189].) Where a court conscientiously follows the law but reaches an arguably incorrect conclusion within the exercise of its jurisdiction, there is no

---

[3] Under the ordinance, a customer facing imposition of a flow restrictor has a right to a public hearing.

basis for annulling its decision by writ of review. (*Freedom Newspapers, supra*, at p. 1109.)

However, if the court acts contrary to the statutorily authorized procedure, such as that set forth in section 6255, it acts in excess of its jurisdiction and a writ or review, or certiorari, will lie. (See *Rodman* v. *Superior Court* (1939) 13 Cal.2d 262, 269 [89 P.2d 109]; *Yoakum* v. *Small Claims Court* (1975) 53 Cal.App.3d 398, 402-403 [125 Cal.Rptr. 882].) Section 6255 requires the trial court to weigh the public interest served by nondisclosure against the public interest served by disclosure and determine which interest outweighs the other. (See *CBS* v. *Block, supra*, 42 Cal.3d at p. 652.) The agency seeking to withhold the information has the burden of demonstrating a need for nondisclosure. (§ 6255; *Braun* v. *City of Taft, supra*, 154 Cal.App.3d at p. 345.)

Instead, the trial court here placed the onus on the petitioner to give reasons why the court should not limit the amount of access. Additionally, the "evidence" from which the lower court inferred public harassment and danger was mere speculation. Since the trial court did not follow the governing statute, it exceeded its jurisdiction.

### 2. Burden of Proof and Balancing Interests

■ Article I, section 1, of the California Constitution guarantees all persons the inalienable right to privacy. (*Scull* v. *Superior Court* (1988) 206 Cal.App.3d 784, 790 [254 Cal.Rptr. 24]; *Committee to Defend Reproductive Rights* v. *Myers* (1981) 29 Cal.3d 252, 262 [172 Cal.Rptr. 866, 625 P.2d 779, 20 A.L.R.4th 1118]; *City of Santa Barbara* v. *Adamson* (1980) 27 Cal.3d 123, 130 [164 Cal.Rptr. 539, 610 P.2d 436, 12 A.L.R.4th 219].) Disclosure of the information petitioner seeks, however noble the intention, intrudes upon the privacy interest of the District's customers. Nonetheless, the public and the press have a right to review the government's conduct of its business. (*CBS, Inc.* v. *Block, supra,* 42 Cal.3d at p. 654.) The Legislature, mindful of the right of individuals to privacy, has deemed the public's right of access to information concerning the conduct of public business a fundamental and necessary interest of citizenship. (*Id.*, at p. 651, fns. 5 & 6; § 6250.) "The interest of society in ensuring accountability is particularly strong where the discretion invested in a government official is unfettered, and only a select few are granted the special privilege." (*CBS, Inc., supra*, at p. 655.)

Consequently, in enacting the Public Records Act, the Legislature balanced the individual's privacy interest with the right to know about the conduct of public business. (*City of Santa Rosa* v. *Press Democrat* (1986)

187 Cal.App.3d 1315, 1319 [232 Cal.Rptr. 445].) Specific exemptions from this general requirement of disclosure are listed in section 6254 and are construed narrowly to ensure maximum disclosure of the conduct of governmental operations. (*Id.*, at pp. 1320-1321; *San Gabriel Tribune* v. *Superior Court, supra*, 143 Cal.App.3d at pp. 772-773.)

In addition to these express exceptions, section 6255 permits the governmental agency to withhold records if it can demonstrate that " 'on the facts of a particular case the public interest served by not making the record public *clearly outweighs* the public interest served by disclosure of the record.' " (*CBS, Inc.* v. *Block, supra*, 42 Cal.3d at p. 652, fn. omitted, italics in original; *San Gabriel Tribune* v. *Superior Court, supra*, 143 Cal.App.3d at p. 780.) ■ Thus the burden is on the agency to justify the need for nondisclosure. (*San Gabriel Tribune, supra*, at p. 780.)

### 3. *To Disclose or Not to Disclose*

■ Petitioner asserts that the information sought is located in public records open to public inspection (§§ 6252, 6253) and that the claim of privacy of the names of users of excessive water resources is outweighed by the public's "fundamental and necessary right" to be informed concerning the workings of its government. (§ 6250; *CBS, Inc.* v. *Block, supra*, 42 Cal.3d at p. 651.) In particular, petitioner is concerned about discriminatory enforcement of the ordinance.

The District asserts that publication of those names could expose the individuals to verbal or physical harassment due to the strong currents of emotion on the subject of water overuse, and not simply encourage, through public embarrassment, those individuals to husband their water usage. Additionally, it argues, customers apply for water as a matter of necessity, not choice. Most residents have no alternate sources of water. (Compare *CBS, Inc.* v. *Block, supra*, 42 Cal.3d at p. 654, where the court stated that those voluntarily applying for the privilege of carrying a handgun could not prevent disclosure of their identities.)

Nonetheless, "[a] mere assertion of possible endangerment does not 'clearly outweigh' the public interest in access to these records." (*CBS, Inc.* v. *Block, supra*, 42 Cal.3d at p. 652.) The District should not be allowed to exercise absolute discretion, shielded from public accountability, in deciding which customer is a chronic water abuser. "In order to verify accountability, individuals must have access to government files. Such access permits checks against the arbitrary exercise of official power and secrecy in the political process." (*Id.*, at p. 651, fn. omitted.) Disclosure of all who exceed their allocation will ensure that certain individuals do not receive special

privileges from the District, or alternatively, are not subject to discriminatory treatment.

The records sought are public records and, in the absence of a privilege or a compelling countervailing interest, "are open to inspection at all times . . . ." (§ 6253, subd. (a); *CBS, Inc.* v. *Block, supra,* 42 Cal.3d at pp. 651-652; *Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 650 [117 Cal.Rptr. 106].) Significantly, the class of information sought is not contained among the subsections that list exemptions from the general disclosure requirement. (§ 6254.) Nor has the District established that the narrow privacy rights invaded are so fundamental that they outweigh the public's "fundamental and necessary right" to be informed concerning the workings of its government. (§ 6250; *CBS, Inc.* v. *Block, supra,* 42 Cal.3d at p. 651.) Even given the strong concerns about water conservation, the record contains no evidence that revelation of names and addresses of those who have exceeded their water allocation during a billing period will subject those individuals to infamy, opprobrium, or physical assault.[4]

The preservation of water resources has long been a matter of great concern in California. (*National Audubon Society* v. *Superior Court* (1983) 33 Cal.3d 419, 443 [189 Cal.Rptr. 346, 658 P.2d 709].) It is the policy of the state to foster the beneficial use of water and discourage waste. (See *Wright* v. *Goleta Water Dist.* (1985) 174 Cal.App.3d 74, 84 [219 Cal.Rptr. 740]; Cal. Const., art. X, § 2.) The rapid population growth in certain portions of Southern California has exceeded available water resources in the region. Recent years have witnessed a severe drought and water resources in Goleta have thereby been further reduced.

The District asserts that the overdrafting of one's water allocation for a month's period does not necessarily demonstrate noncompliance on the part of the customers. Nonetheless, publication of overdrafting by customers during a given period will discourage profligate use of water during the ensuing months and encourage customers to bring their consumption within the guidelines of the ordinance.

CONCLUSION

The District's fear that outraged citizens will misunderstand the information sought is speculative and does not outweigh the public's right to be informed of the District's implementation of the ordinance. We find that

---

[4] We note the recent, well-reasoned opinion of *Times Mirror Co.* v. *Superior Court* (1990) 217 Cal.App.3d 360 [265 Cal.Rptr. 844], in which the reviewing court held that the Governor's schedules and appointment calendars were subject to disclosure under the California Public Records Act absent an evidentiary showing of legitimate safety concerns.

respondent superior court exceeded its jurisdiction in failing to follow the statutory directive to place the burden on the agency to justify withholding the information sought, a burden that, on the record, the District could not meet.

Respondent superior court's order of October 6, 1989, denying the motion to disclose public records is annulled and the matter is remanded to the superior court to issue a new order granting petitioner's motion.

Gilbert, J., and Abbe, J., concurred.