OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | |
|---|---|
| OPINION<br><br>of<br><br>JOHN K. VAN DE KAMP<br>Attorney General<br><br>RODNEY O. LILYQUIST<br>Deputy Attorney General | No. 90-303<br><br>August 23, 1990 |

THE STATE BOARD OF CORRECTIONS has requested an opinion on the following question:

Are plans and specifications of local detention facilities required to be disclosed to members of the public under the Public Records Act?

CONCLUSION

Plans and specifications of local detention facilities are generally not required to be disclosed to members of the public under the Public Records Act.

ANALYSIS

The State Board of Corrections ("Board") reviews the plans and specifications of local detention facilities at the time of construction, reconstruction, remodeling, or repair. It gives advice, recommendations, and applies its constructions standards for local jail facilities throughout the state. (See Pen. Code, §§ 4497.10, 6029; Stats. 1984, ch. 1133, § 3.)

The question presented for resolution is whether the Board must allow public inspection and copying of the local jail plans and specifications in its possession. We conclude that the plans and specifications are generally exempt from disclosure to the public.

The Public Records Act (Gov. Code, §§ 6250-6265; "Act")[1] requires state and local agencies to make their "public records" (§ 6252, subd. (d)) available for public inspection (§ 6253) and for copying (§ 6256) unless a particular record is "exempt" from disclosure (§ 6254) or the agency demonstrates that "the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record" (§ 6255). (See generally *CBS, Inc.* v. *Block* (1986) 43 Cal.3d 646; *American Civil Liberties Union Foundation* v.

_____

[1] All references hereafter to the Government Code are by section number only.

*Deukmejian* (1982) 32 Cal.3d 440; *New York Times Co.* v. *Superior Court* (1990) 218 Cal.App.3d 1579.)  Subdivision (a) of section 6253 provides the basic disclosure requirement:

"Public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided. . . ."

Section 6255 states the grounds for withholding disclosure:

"The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."

We are informed that members of the Prisoners Union have questioned the application of the Public Records Act to the local jail plans and specifications in the Board's possession.  The Board has previously treated the plans and specifications as having been received in confidence, and the local authorities have requested that the confidentiality of the plans and specifications be maintained.  No members of the general public have had access to these records in the past.

The Board and local authorities do not object to the release of some of the plans and specifications.  However, it has been determined by the Board and local officials that disclosure of most of the records would jeopardize the safety and security of the staff, prisoners, and community in which the jails are located.  The plans and specifications detail the security locking system operations, the communication and surveillance systems, and the strength of the construction materials used throughout the jails.  The plans and specifications could be used by prisoners to determine the best possible means of escape, as well as possible hiding places for weapons and other contraband.

Section 6255 allows the withholding of any record when "the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."  We believe that a court would uphold the Board's withholding of the plans and specifications the release of which would jeopardize the safety and security of the staff, prisoners, and communities in which jails are located.  (See *CBS, Inc.* v. *Block*, *supra*, 42 Cal 646, 653 ["any information on the applications and licenses that indicates times or places when the licensee is vulnerable to attack may be deleted"]; *Eskaton Monterey Hospital* v. *Myers* (1982) 134 Cal.App.3d 788, 793 ["disclosure of law enforcement materials which when revealed assist in thwarting and circumventing the law is not in the public interest"].)

In *Procunier* v. *Superior Court* (1973) 35 Cal.App.3d 211, disapproved on another point in *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107, 124, the court ruled that disclosure of the building plans, lay-out plats, maps and diagrams depicting the Correctional Training Facility at Soledad were not required to be disclosed; it found "an overwhelming public and governmental interest [in] the security of the prison system and the safety of the citizens of this state." (*Id.*, at p. 212.)  The interest in preserving the confidentiality of local jail plans and specifications is similarly "overwhelming."

Accordingly it is not enough that the jail plans at issue may be sought for some laudable purpose.  In *American Civil Liberties Union Foundation* v. *Deukmejian*, *supra*, 32 Cal.3d 440, 451, the Supreme Court observed:

" . . . the Act imposes no limits upon who may seek information or what he may do with it. In the present case the ACLU seeks information . . . to determine if . . . police intelligence systems are being misused. In other cases, however, information may be sought for less noble purposes. Persons connected with organized crime may seek to discover what the police know, or do not know, about organized criminal activities . . . . In short, once information is held subject to disclosure under the Act, the courts can exercise no restraint on the use to which it may be put. [Citation.]"

Even though the Prisoners Union may have a legitimate interest in reviewing the jail plans and specifications, the "overwhelming public and governmental interest [in] the security of the prison system and the safety of the citizens of this state" (*Procunier* v. *Superior Court*, *supra*, 35 Cal.App.3d 211, 212) justifies the Board's withholding of the records under the terms of section 6255.

Having determined that the "public interest" provision of section 6255 would be applicable to the plans and specifications in question, we need not consider the individual exemption provisions of section 6254. We note, however, that subdivision (k) of section 6254 exempts "[r]ecords the disclosure of which is exempted . . . pursuant to . . . provisions of the Evidence Code relating to privilege." Evidence Code section 1040, subdivision (b)(2) grants "a privilege to refuse to disclose official information" acquired in confidence if "there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice." This exemption privilege involves a weighing of interests that is quite similar to the "public interest" analysis and evaluation made under section 6255. (See *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d 646, 656; *American Civil Liberties Union Foundation* v. *Deukmejian*, *supra*, 32 Cal.3d 440, 446-447, fn. 6; Note, The California Public Records Act: The Public's Right of Access to Governmental Information (1976) 7 Pacific L.J. 105, 123-125.) We believe this exemption provision is fully supportive of our construction and application of section 6255 to the local jail plans and specifications.

In summary, then, the Board has determined that the jail plans and specifications in its possession must not be disclosed to members of the public because "the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record." (§ 6255.) The plans and specifications were acquired in confidence and have not been previously made public. (See § 6254.5; *American Civil Liberties Union Foundation* v. *Deukmejian*, *supra*, 32 Cal.3d 440, 451.) Those portions of the plans and specifications that do not compromise the safety and security of the jail operations and that are "reasonably segregable" (§ 6257; see *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d 646, 652-653; *Braun* v. *City of Taft* (1984) 145 Cal.App.3d 332, 344; *Northern Cal. Police Practices Project* v. *Craig* (1970) 90 Cal.App.3d 116, 124) from the remainder would be subject to disclosure. While the burden is upon the Board to justify withholding the plans and specifications (see *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d 646, 652; *New York Times Co.* v. *Superior Court*, *supra*, 218 Cal.App.3d 1579, 1584; *Braun* v. *City of Taft*, *supra*, 154 Cal.App.3d 332, 345), we believe that a court would uphold the Board's determination in any proceeding seeking judicial resolution of the issue (see §§ 6258-6259).

In answer to the question presented, therefore, we conclude that plans and specifications of local detention facilities are generally not required to be disclosed to members of the public under the Act.

* * * * *