TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 93-201 |
| of | : | |
| | : | October 8, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE STATE BOARD OF EQUALIZATION has requested an opinion on the following questions:

1. Is the State Board of Equalization required to disclose information concerning individual properties selected for appraisal in an assessment standards survey?

2. Is the State Board of Equalization required to disclose parcel numbers of individual properties selected for appraisal in an assessment standards survey?

## CONCLUSIONS

1. The State Board of Equalization is not required to disclose other than to an assessee information consisting of appraisal data concerning individual properties selected for appraisal in an assessment standards survey.

2. The State Board of Equalization is required to disclose parcel numbers of individual properties selected for appraisal in an assessment standards survey unless it can demonstrate that on the facts of the particular case the public interest served by not identifying the parcels clearly outweighs the public interest served by disclosure.

## ANALYSIS

The State Board of Equalization ("Board") is required to make surveys in each county to determine the adequacy of the practices and procedures utilized by the county assessor in the valuation of property for the purposes of taxation and in the performance of other duties. The survey must include a sampling of assessments from the local assessment rolls sufficient in size and dispersion to insure an adequate representation of the several classes of property throughout the

1. 93-201

county. (Gov. Code, § 15640.)[1] The inquiry now presented is whether the Board is required to disclose upon request by a member of the public information concerning individual properties selected for appraisal in connection with a survey, and whether such a requirement would include the disclosure of parcel numbers.

The Public Records Act (§§ 6250 - 6265; "Act") requires state and local agencies to make their "public records" (§ 6252, subd. (d)) available for public inspection (§ 6253) and for copying (§ 6256) unless a particular record is "exempt" from disclosure (§ 6254) or the agency demonstrates that "the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record" (§ 6255). (See, e.g., *CBS, Inc. v. Block* (1986) 43 Cal.3d 646; *American Civil Liberties Union Foundation v. Deukmejian* (1982) 32 Cal.3d 440; *New York Times Co. v. Superior Court* (1990) 218 Cal.App.3d 1579; 73 Ops.Cal.Atty.Gen. 236 (1990).)

Section 6253, subdivision (a), provides the basic disclosure requirement:

"Public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided. . . ."

Section 6255 states the grounds for withholding from disclosure:

"The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."

In our view, the Board may justify withholding information consisting of appraisal data[2] by demonstrating that such information is exempt from disclosure under the express provisions of the Act, but may not justify withholding parcel numbers unless it can demonstrate that on the facts of the particular case the public interest served by not identifying the parcels clearly outweighs the public interest served by disclosure.

We understand the term "appraisal data" to include those factors, elements, and considerations relating to the cost and value of property for purposes of assessment.[3] With respect to such information, section 6254, subdivision (k), expressly exempts from disclosure:

---

[1]Unidentified section references herein are to the Government Code.

[2] We are not apprised as to the nature of the information in question other than "appraisal data," and therefore limit our opinion accordingly.

[3]For example, Revenue and Taxation Code section 401.5 provides:

"The board shall issue to assessors data relating to the costs of property and such other information as in the judgment of the board will promote uniformity in appraisal practices and in assessed values throughout the State. These data shall be adapted to local conditions and may be considered by the assessors together with other factors as required by law in the assessment of property for tax purposes."

"Records the disclosure of which is exempted or prohibited pursuant to provisions of federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege."

This provision does not constitute an independent exemption; rather, it merely incorporates other prohibitions established by law. (*CBS, Inc. v. Block, supra*, 42 Cal.3d at 656; *San Gabriel Tribune v. Superior Court* (1983) 143 Cal.App.3d 762, 775.)

The provisions of state law pertaining to the surveys in question include section 15641, providing as follows:

"In order to verify the information furnished to the assessor of the county, the board shall audit the original books of account, wherever located, of any person owning, claiming, possessing or controlling property included in a survey conducted pursuant to this chapter when the property is of a type for which accounting records are useful sources of appraisal data.

"No appraisal data relating to individual properties obtained for the purposes of any survey under this chapter shall be made public, and no state or local officer or employee thereof gaining knowledge thereof in any action taken under this chapter shall make any disclosure with respect thereto except as that may be required for the purposes of this chapter. Except as specifically provided herein, any appraisal data may be disclosed by the board to any assessor, or by the board or the assessor to the assessee of the property to which the data relate.

"The board shall permit an assessee of property to inspect, at the appropriate office of the board, any information and records relating to an appraisal of his or her property, including `market data' as defined in Section 408. However, no information or records, other than `market data,' which relate to the property or business affairs of a person other than the assessee shall be disclosed.

"Nothing in this section shall be construed as preventing examination of such data by law enforcement agencies, grand juries, boards of supervisors, or their duly authorized agents, employees, or representatives conducting an investigation of an assessor's office pursuant to Section 25303, and other duly authorized legislative or administrative bodies of the state pursuant to their authorization to examine such data."

We are not concerned for purposes of this inquiry with the disclosure of information to the assessee of the property to which such information relates, or with disclosure for official purposes designated in the last paragraph of section 15641, or in section 408, subdivision (b), of the Revenue and Taxation Code. With respect to public disclosure, the first sentence of the second paragraph is dispositive. Public disclosure of appraisal data relating to individual properties obtained for purposes of the survey is expressly prohibited within the meaning of section 6254, subdivision (k). It is concluded that appraisal data concerning individual properties may not be disclosed.

With regard to parcel numbers, we find no basis for a claim of express exemption from disclosure under sections 6254 and 15641. A parcel number is not an element or factor relating to the cost or value of the property to which it refers, and hence is not properly incorporated within the purview of the term "appraisal data." It is to be recalled, however, that the Board may nevertheless, under the provisions of section 6255, justify the withholding of such information by

demonstrating that on the facts of the particular case the public interest served by nondisclosure clearly outweighs the public interest served by disclosure.

It has been suggested, by way of example, that the person requesting the information "has raw data concerning the results of the sample, and providing the parcel numbers will allow the requester to match the data with the individual properties." Suffice it to say that if the disclosure of the requested information were tantamount to the release of restricted data, the Board may well assert its justification for withholding the records. Yet, assuming that all of the facts and circumstances of a particular case were known and could be demonstrated by the Board, it would nevertheless remain the province of the court to determine that the public interest served by nondisclosure "clearly" outweighs that served by disclosure.

It is concluded that the Board is required to disclose the parcel numbers of individual survey properties unless it can demonstrate in a particular case that the public interest in nondisclosure is clearly paramount.

* * * * *