TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-903 |
| of | : | |
| | : | May 10, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE NICHOLAS C. PETRIS, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

Are the names, addresses, and telephone numbers of persons who have filed noise complaints concerning the operation of a city airport subject to public disclosure?

CONCLUSION

The names, addresses, and telephone numbers of persons who have filed noise complaints concerning the operation of a city airport are subject to public disclosure unless the city can establish in the particular circumstances that the public interest served by not making the information public clearly outweighs the public interest served by disclosure.

ANALYSIS

We are informed that a city has received a request for the names, addresses, and telephone numbers of the 20 most frequent noise complainants regarding the city's airport operations. Such identification information has been disclosed at other public airports throughout the state, but the city believes that public disclosure may be inappropriate in the particular circumstances. Is the city required to disclose the information? We conclude that the information must be disclosed unless the city can establish that the public interest served by withholding the information clearly outweighs the public interest served in disclosure.

1. 94-903

The California Public Records Act (Gov. Code, §§ 6250-6268; "Act") generally requires state and local agencies to allow members of the public to inspect the records in their custody and obtain copies thereof. (§§ 6250, 6252, 6253, 6257; *Register Div. of Freedom Newspaper, Inc.* v. *County of Orange* (1984) 158 Cal.App.3d 893, 901.)[1] This public right of access, however, is not absolute. The Legislature has recognized that conflicting interests may arise which would require certain government records to remain confidential. (*Times Mirror Co.* v. *Superior Court* (1991) 53 Cal.3d 1325, 1338-1339; *CBS, Inc.* v. *Block* (1986) 42 Cal.3d 646, 651-652; *Rogers* v. *Superior Court* (1993) 19 Cal.App.4th 469, 476; *New York Times Co.* v. *Superior Court* (1990) 218 Cal.App.3d 1579, 1584-1585.) As stated in *Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 653: "The objectives of the Public Records Act thus include preservation of islands of privacy upon the broad sea of enforced disclosure."

In section 6254 the Legislature has enumerated various categories of records which may be claimed by a public agency as exempt from disclosure.[2] The only one of potential applicability here is section 6254, subdivision (k), which exempts from disclosure:

"Records the disclosure of which is exempted or prohibited pursuant to provisions of federal or state law, including but not limited to, provisions of the Evidence Code relating to privilege."

It has been suggested that the identification information at issue could fall within the so-called "official information" privilege found in Evidence Code section 1040, subdivision (b)(2), which provides:

"(b) A public entity has a privilege to refuse to disclose official information . . . if . . .

"(2) Disclosure of the information is against the public interest because there is a necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information be disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered."

---

[1]The request for our opinion raises the possibility that the identification information would be subject to disclosure under the federal Freedom of Information Act (5 U.S.C. § 522 et seq.). However, the federal act is not applicable to the states but only to the federal government. (See *St. Michael's Convalescent* v. *State of Cal.* (9th Cir. 1981) 643 F.2d 1369, 1373-1374.)

Also beyond the scope of this opinion is the issue of whether a noise complainant may have a duty to disclose to prospective buyers of his or her property the noise conditions existing with respect to an airport's operations. (Civ. Code, §§ 1102.6, 2079.)

[2]These exemptions are permissive, not mandatory. (*CBS, Inc.* v. *Block, supra*, 42 Cal.3d at 652; *Black Panther Party* v. *Kehoe*, *supra*, 42 Cal.App.3d at 656.) The Act grants a public agency discretionary authority to override the statutory exceptions. (§§ 6253.1, 6254.)

However, the balancing test necessary under Evidence Code section 1040 is essentially equivalent to that set forth in section 6255 discussed below. (*CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 656; see *Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d at 1339, fn. 9.) Hence, we will not address the "official information" privilege in more detail for purposes of section 6254, subdivision (k).[3]

Section 6255 provides:

"The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter *or that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."* (Emphasis added.)

Section 6255 thus allows withholding a document from disclosure when the public interest so requires.

In analyzing this language of section 6255, we may "look generally to expression of the state's high court in reasonably comparable areas." (See *American Federation of States etc. Employees* v. *Regents of University of California* (1978) 80 Cal.App.3d 913, 918.) The courts have examined the language of section 6255 in a variety of situations: *American Civil Liberties Union Foundation* v. *Deukmejian* (1982) 32 Cal.3d 440, 467 [Department of Justice index cards withheld as too burdensome]; *Register Div. of Freedom Newspaper, Inc.* v. *County of Orange*, *supra*, 158 Cal.App.3d at 908-910 [county case settlement documents ordered disclosed]; *Braun* v. *City of Taft* (1984) 154 Cal.App.3d 332, 345-346 [city employee's employment records ordered disclosed]; *San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 780 [city contractor's financial data ordered disclosed]; *Eskaton Monterey Hospital* v. *Myers* (1982) 134 Cal.App.3d 788, 792-794 [Medi-Cal audit manual withheld]; *Johnson* v. *Winter* (1982) 127 Cal.App.3d 435, 438-439 [employee applicants' personnel data given with assurance of confidentiality withheld]; *American Federation of State etc. Employees* v. *Regent of University of California*, *supra*, 80 Cal.App.3d at 915-919 [university audit report withheld]; *Procunier* v. *Superior Court* (1973) 35 Cal.App.3d 211 [prison building plans and security information withheld]; *Yarnish* v. *Nelson* (1972) 27 Cal.App.3d 893, 902 [certain prison records of inmates withheld]; *Uribe* v. *Howie* (1971) 19 Cal.App.3d 194, 205-206 [pesticide applicator's spray reports ordered disclosed].)

1.    Factors in Favor of Disclosure

The courts have emphasized that the primary benefit of disclosing agency records to the public is to promote government accountability. The public and the media have a legitimate need to know whether government officials are performing their duties in a responsible manner. (*Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d at 1344; *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 651, 656.)

---

[3]Under section 6254, subdivision (f)(2), the names and addresses of victims of crime are generally subject to public disclosure by law enforcement agencies.

Here, the public has a legitimate need to know whether city officials are properly operating the airport. Under a noise variance permit issued by the California Department of Transportation, the city is required to accept and respond to all airport noise complaints submitted to it. By obtaining the identities of the noise complainants, the public and media may ascertain whether city officials are performing their duties.

Another public interest in disclosure of the complainants' identities would be a potential reduction in the number of frivolous or malicious complaints, if any, filed with the city. The prospect of publicity might prevent unnecessary inquiries being made by city personnel investigating legitimate complaints.

A third benefit of disclosure would be the resolution of the complaints through direct contact between the complainants and the pilots (or others who seek the information). Both sides may be able to reach an understanding by mutually addressing their concerns without further city involvement.

Not only may non-complainants have an interest in knowing the identity of a complainant, so also would other complainants. A coordination of efforts by complainants as a group may result from disclosure of the identification information in question.

2.   Factors in Favor of Nondisclosure

On the other hand, withholding the identification information would protect the privacy interests of the complainants and prevent possible intimidation and harassment. Withholding the information might thus result in a greater number of complaints being filed with the city. The filing of additional complaints might help the city to evaluate competing courses of action for operating the airport in the most responsible manner.

With respect to the complainants' privacy interests, we note that the information sought here would not subject the complainants to any "social stigma" as, for example, in *American Civil Liberties Union Foundation* v. *Deukmejian, supra* 32 Cal.3d at 449-450. (See *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 654.) It would not reveal "intimate information concerning [the person's] own or his family's medical or psychological history." (*Id.*, at p. 655.) Rather, the complainants here have volunteered the information (see *id.*, at p. 654; cf., *New York Time Co.* v. *Superior Court, supra*, 218 Cal.App.3d at 1585) on a subject of widespread interest to the community. Even though a right of privacy is guaranteed by the Constitution (Cal. Const., art I, § 1), the courts have generally determined that "the public and the press have a right to review the government's conduct of its business." (*New York Times Co.* v. *Superior Court, supra*, 218 Cal.App.3d at 1584.)

As for possible threats of intimidation and harassment by pilots or others, "[a] mere assertion of possible endangerment does not `clearly outweigh' the public interest in access to these records." (*CBS, Inc.* v. *Block, supra*, 42 Cal.3d at 652.) In *Block*, the Los Angeles County Sheriff argued that releasing the requested information would "allow would-be attackers to more carefully plan

their crime against licensees." (*Ibid.*) The court rejected such concerns as "conjectural at best." (*Ibid.*)

In *New York Times Co.* v. *Superior Court*, *supra*, 218 Cal.App.3d 1579, a water district claimed that disclosure of the names of excessive water users "could expose the individuals to verbal or physical harassment due to the strong currents of emotion on the subject of water overuse." (*Id.*, at p. 1585.) The court ruled, however, that the district could not use such an excuse to shield itself "from public accountability, in deciding which customer is a chronic water abuser." (*Ibid.*) The district's fear of "outraged citizens" was too "speculative" and not supported by specific evidence that the water users would be subject "to infamy, opprobrium, or physical assault." (*Id.*, at p. 1586.)[4]

Finally, government officials may claim a "deliberative process privilege" under the balancing test of section 6255. In *Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d 1325, the court declared that information could be withheld if its disclosure would undermine the consultation process necessary to effective decision-making by a public official. The court relied upon federal law in finding that the deliberative process privilege is designed to protect "`frank discussion of legal or policy matters' [which] might be inhibited if `subjected to public scrutiny,' and that `efficiency of Government would be greatly hampered' if, with respect to such matters, government agencies were `forced "to operate in a fishbowl."' [Citations.]" (*Id.*, at p. 1340.) The court ruled that the Governor need not disclose his appointment calendars and schedules since disclosure of the identities of his "consultants" contained therein would in effect reveal "the substance or direction of the Governor's judgment and mental processes. . . ." (*Id.*, at p. 1343.)

In *Rogers* v. *Superior Court*, *supra*, 19 Cal.App.4th 469, the court followed *Times Mirror* and held that city council members could withhold the identities of those persons consulted by telephone:

". . . There is no meaningful distinction between the appointment calendars and schedules of the Governor and the telephone bills of a city council member. In both cases, disclosure of the records sought will disclose the identity of persons with whom the government official has consulted thereby disclosing the official's mental processes. In both cases, routine public disclosure of such records would interfere with the flow of information to the government official and intrude on the deliberative process." (*Id.*, at pp. 479-480.)

With respect to the noise complaints at issue, we do not have the frank give-and-take discussions with consultants that were the subject of *Times Mirror* and *Rogers*.

The *Times Mirror* decision did rely upon a federal case, *Brockway* v. *Department of Air Force* (8th Cir. 1975) 518 F.2d 1184, indicating that information which was "factual rather than

---

[4]None of the airports that disclose complainants' identities have apprised us of any threats of intimidation or harassment by pilots or other persons. One complainant was asked whether the level of noise existing with respect to an airport's operations was disclosed to prospective purchasers of his property. (Civ. Code, §§ 1102.6, 2079.)

advisory in nature" could be withheld if it sharply curtailed the deliberative process. (*Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d at 1343.)[5] In *Brockway*, Air Force staff reports concerning an airplane crash were withheld by the government. The Air Force personnel were assured confidentiality when making their witness statements so that no one would "fear that his statement will reveal some negligence or misconduct on his part, thereby exposing himself to disciplinary action or other adverse consequences." (*Brockway* v. *Department of Air Force*, *supra*, 518 F.2d at 1185.) The Air Force did, however, "furnish . . . the names and addresses of the witnesses whose statements were withheld . . . ." (*Id.*, at p. 1186.)

We may not broadly rely upon *Times Mirror*, *Rogers*, or *Brockway*, concerning the disclosure of the noise complaints in question, since the court in each case narrowly limited its holding. (*Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d at 1345-1346; *Rogers* v. *Superior Court*, *supra*, 19 Cal.App.4th at 480-481; *Brockway* v. *Department of Air Force*, *supra*, 518 F.2d at 1194.) While all of the cases cited herein can be distinguished from the present inquiry, the decision in *New York Times Co.* v. *Superior Court*, *supra*, 218 Cal.App.3d 1579, appears to have the greatest number of similarities with respect to the issue of intimidation or harassment. There, allegations of possible harassment did not clearly overcome "the public's `fundamental and necessary' right to be informed concerning the workings of government. [Citations.]" (*Id.*, at p. 1586.) If *Brockway* v. *Department of Air Force*, *supra*, 518 F.2d 1184, provides the closest analogy on the issue of the deliberative process privilege, the disclosure of the names and addresses of the witnesses there supports disclosure of such information here.[6]

As previously indicated, a public agency may elect to disclose any of its records even though the records are categorically exempt from disclosure under the terms of section 6254. On the other hand, an agency may elect to withhold disclosure of any information, but its decision would then be subject to court review. (§§ 6258, 6259.) Subdivision (b) of section 6259 provides:

> "If the court finds that the public official's decision to refuse disclosure is not justified under section 6254 or section 6255, he or she shall order the public official to make the record public. If the judge determines that the public official was justified in refusing to make the record public, he or she shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure."

When a court undertakes the weighing process pursuant to section 6255, "[t]he burden of demonstrating a need for nondisclosure is upon the agency claiming the right to withhold the information. . . ." (*Braun* v. *City of Taft*, *supra*, 154 Cal.App.3d at 345.) "Each case must undergo an individual

---

[5]While advisory reports would be subject to withholding, it has been suggested that so also would a factual report that contains a recommendation and "`subjective' materials, even if not recommendatory . . . ." (Note, *The Freedom of Information Act and the Exemption for Intra-Agency Memoranda* (1976) 86 Harv.L.Rev. 1047, 1052.)

[6]Moreover, this is not the situation of the city *requiring* the noise information in question. The city would still be performing its obligations in operating the airport even though no complaints are filed. It is only *if* a complaint is filed that the city has a duty to respond.

weighing process."  (*Id.*, at p. 346.)  On appeal, the court will determine whether there was substantial evidence to uphold the trial court's findings.  (*Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d at 1336; *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 650-651.)

We conclude that the names, addresses, and telephone numbers of persons who have filed noise complaints concerning the operations of a city airport are subject to public disclosure unless the city can establish in the particular circumstances that the public interest served by not making the information public clearly outweighs the public interest served by disclosure.

* * * * *