BILL LOCKYER Attorney General JONATHAN R. DAVIS Deputy Attorney General
THE HONORABLE BILL JONES, SECRETARY OF STATE, has requested an opinion on the following question:
Is the common residence address listed on a declaration of domestic partnership subject to public disclosure by the Secretary of State?
 CONCLUSION
The common residence address listed on a declaration of domestic partnership is subject to public disclosure by the Secretary of State, unless on the facts of a particular case, the public interest served by not making the information public clearly outweighs the public interest served by disclosure.
 ANALYSIS
In 1999, the Legislature enacted a comprehensive statutory scheme (Fam. Code, §§ 297-299.6), authorizing the registration of domestic partnerships by persons of the same sex, or if older than 62, by persons of opposite sexes. The registration forms are filed with the Secretary of State, who returns "a copy of the registered form to the domestic partners at the address provided by the domestic partners as their common residence." (Fam. Code, § 298.5, subd. (b).)
We are asked whether the common residence addresses of domestic partners on file with the Secretary of State are subject to public disclosure. We conclude that they are unless on the facts of a particular case the public interest served by not making the addresses public clearly outweighs the public interest served by disclosure.
Possible disclosure of the registration records in question involve two competing interests: (1) "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state" (Gov. Code, § 6250; see Times Mirror Co. v. Superior Court (1991) 53 Cal.3d 1325, 1338; Wilson v. Superior Court (1996) 51 Cal.App.4th 1136, 1141); and (2) protection of individual privacy which is constitutionally recognized as an "inalienable" right (Cal. Const., art. I, § 1; see American Academy of Pediatrics v. Lungren (1997) 16 Cal.4th 307, 326; Britt v. Superior Court (1978)20 Cal.3d 844, 855-856).
The Public Records Act (Gov. Code §§ 6250-6258) balances these competing interests by preserving "islands of privacy upon the broad sea of enforced disclosure." (Black Panther Party v. Kehoe (1974)42 Cal.App.3d 645, 653.) The act expressly exempts certain materials from disclosure, including residence addresses in specified circumstances. (Gov. Code, §§ 6254, 6254.1, 6254.16, 6254.21,6254.3, 6254.4.) The act also contains a "catchall exception" (Gov. Code, § 6255), "which allows a government agency to withhold records if it can demonstrate that, on the facts of the particular case, the public interest served by withholding the records clearly outweighs the public interest served by disclosure. [Citation.]" (City of San Jose v. Superior Court (1999) 74 Cal.App.4th 1008, 1017, fn. omitted.)
Here, the Legislature has not chosen to expressly exempt from public disclosure the residence addresses of domestic partners on file with the Secretary of State. We thus turn to the catchall exception of Government Code section 6255 (see 81 Ops.Cal.Atty.Gen. 383, 385 (1998); 78 Ops.Cal.Atty.Gen. 103, 105 (1995)), which states:
 "The agency shall justify withholding any record by demonstrating that . . . on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."
Under this legislative directive, "The burden of proof is on the proponent of nondisclosure, who must demonstrate a `clear overbalance' on the side of confidentiality. [Citations.]" (City of San Jose v. Superior Court, 74 Cal.App.4th at p. 1018.)
In analyzing the statutory language in question, we may "look generally to expression of the state's high court in reasonably comparable areas." (See American Federation of States etc. Employees v. Regents of University of California (1978) 80 Cal.App.3d 913, 918.) The courts have examined Government Code section 6255 in a variety of situations: American Civil Liberties Union Foundation v. Deukmejian (1982)32 Cal.App.3d at 908-910 [county case settlement documents disclosed]; Braun v. City of Taft (1984) 154 Cal.App.3d 332, 345-346 [city employee's employment records disclosed]; San Gabriel Tribune v. Superior Court (1983) 143 Cal.App.3d 762, 780 [city contractor's financial data disclosed]; Eskaton Monterey Hospital v. Myers (1982) 134 Cal.App.3d 788,792-794 [Medi-Cal audit manual not disclosed]; Johnson v. Winter (1982)127 Cal.App.3d 435, 438-439 [employee applicants' personnel data given with assurance of confidentiality not disclosed]; American Federation of State etc. Employees v. Regent of University of California, supra,80 Cal.App.3d at 915-919 [university audit report not disclosed]; Procunier v. Superior Court (1973) 35 Cal.App.3d 211 [prison building plans and security information not disclosed]; Yarish v. Nelson (1972)27 Cal.App.3d 893, 902 [certain prison records of inmates not disclosed]; Uribe v. Howie (1971) 19 Cal.App.3d 194, 205-206 [pesticide applicator's spray reports disclosed].)
Of particular interest here are cases in which the residence addresses have been subject to disclosure (see CBS, Inc. v. Block (1986)42 Cal.3d 646, 656-657 [residence addresses of persons who have concealed weapons permits]; New York Times Co. v. Superior Court (1990)218 Cal.App.3d 1579, 1585-1586 [residence addresses of excessive water users]) and where they have been protected against disclosure (City of San Jose v. Superior Court, 74 Cal.App.4th at pp. 1019-1025 [residence addresses of persons filing airport noise complaints]; see also Department of Defense v. FLRA (1994) 510 U.S. 487, 502 [residence addresses of bargaining unit employees]; Painting Industry of Hawaii v. Dept. of Air Force (9th Cir. 1994) 26 F.3d 1479, 1486 [residence addresses of employees]; Voinche v. F.B.I. (D.D.C. 1996) 940 F. Supp. 323,330 [residence addresses of employees and private citizens]; Local 1274, Ill. Fed. of Teachers v. Niles (1997) 287 Ill. App.3d 187, 193 [residence addresses of school district parents].)[1]
Disclosure of the residence addresses of registered domestic partners may serve certain public interests. As with any information recorded with a government agency, a public interest exists in ensuring that the information is accurate and that fraudulent misrepresentations are not being maintained in the agency's files. A domestic partnership may be filed if "[b]oth persons have a common residence." (Fam. Code §297, subd. (a)(1).) The Legislature has defined "common residence" in Family Code section 297, subdivision (c):
 "`Have a common residence' means that both domestic partners share the same residence. It is not necessary that the legal right to possess the common residence be in both of their names. Two people have a common residence even if one or both have additional residences. Domestic partners do not cease to have a common residence if one leaves the common residence but intends to return."
If common residence addresses may be publicly disclosed by the Secretary of State, verification of the information may be facilitated.
One of the main purposes of the Legislature when it established the domestic partnership registry was to provide state and local government agencies with the ability to offer health care coverage to the domestic partners of their employees and annuitants. (See Gov. Code, §§22867-22877.) Disclosing the common residence addresses may help verify the qualifications for obtaining these government benefits.
Another important purpose of the legislation was to provide a right to visit a domestic partner and the partner's children or parents when they are patients in a health facility. (See Health Saf. Code, §1261.) Disclosing the common residence addresses may help ensure that this statutory right is being exercised by those qualified under the legislative requirements.
Finally, the legislation specifies that "[b]oth persons agree to be jointly responsible for each other's basic living expenses incurred during the domestic partnership." (Fam. Code, § 297, subd. (b)(2).) "Basic living expenses" are defined in Family Code section § 297, subdivision (d):
 "`Basic living expenses' means, shelter, utilities, and all other costs directly related to the maintenance of the common household of the common residence of the domestic partners. It also means any other cost, such as medical care, if some or all of the costs is paid as a benefit because a person is another person's domestic partner."
The Secretary of State's disclosure of a common residence address may facilitate the extension of credit by persons who wish to furnish basic living expenses to one of the partners. Such disclosure may benefit both creditors and domestic partners alike.
On the other hand, there is a recognized privacy interest in keeping residence addresses confidential. (See City of San Jose v. Superior Court, supra, 74 Cal.App.4th at p. 1019-1020.) As previously indicated, the Legislature has directed that the residence addresses of certain persons not be disclosed. (Id., at p. 1017, fn. 5.) From the legislative record, including committee reports, concerning the enactment of Family Code sections 297-299.6, it is apparent that for some segments of society, a social stigma may attach to those eligible to register as domestic partners. (See Encinas v. Lowthina Freight Lines (1945)69 Cal.App.2d 156, 163.) Conceivably, harassment of domestic partners may result from the disclosure of their common residence addresses.
The withholding of residence addresses is supported where disclosure would subject the persons to social stigma (see CBS, Inc. v. Block, supra, 42 Cal.3d at p. 654; American Civil Liberties Union Foundation v. Deukmejian, supra, 32 Cal.3d at pp. 449-450) or where harassment would result (see City of San Jose v. Superior Court, supra, 74 Cal.App.4th at p. 1024; see also Planned Parenthood Golden Gate v. Superior Court (2000)83 Cal.App.4th 347, 360-365).
Normally, however, mere speculation of harassment is not sufficient to support a claim of nondisclosure, at least where the public interest in disclosure is substantial. "A mere assertion of possible endangerment does not `clearly outweigh' the public interest in access to these records." (CBS, Inc. v. Block, supra, 42 Cal.3d at p. 652.) In Block, the Los Angeles County Sheriff argued that releasing the requested information would "allow would-be attackers to more carefully plan their crimes against licensees." (Ibid.) The court rejected such concerns as "conjectural at best." (Ibid.)
In New York Times Co. v. Superior Court, supra, 218 Cal.App.3d 1579, a water district claimed that disclosure of the names of excessive water users "could expose the individuals to verbal or physical harassment due to the strong currents of emotion on the subject of water overuse." (Id., at p. 1585.) The court ruled, however, that the district's fear of "outraged citizens" was too "speculative" and not supported by specific evidence that the water users would be subject "to infamy, opprobrium, or physical assault." (Id., at p. 1586.) Both in Block and in New York Times, the public interest served by disclosure was found to be substantial, whereas it may not be so important with respect to the common residence addresses of domestic partners. (See, e.g., City of San Jose v. Superior Court, supra, 74 Cal.App.4th at pp. 1023-1025.)
When the domestic partnership registry was established, we note the lack of any mention of a need for confidentiality in the legislative materials regarding the enactment of Family Code sections297-299.6. Neither the proponents nor opponents of the legislation, nor any legislators, indicated that disclosure of the common residence addresses on file with the Secretary of State should be withheld. It may also be observed that the residence addresses on marriage licenses (Fam. Code, § 351) and certificates of registry of marriage (Fam. Code, § 359; Health Saf. Code, § 103175) are subject to disclosure by the State Registrar, local registrar, or county recorder (Fam. Code, § 423, Health Saf. Code, §§102100, 102225,102230, , 102330, 102355, 103525), unless the marriage is a confidential marriage (Fam. Code, §§ 505, 511,).
We conclude, therefore, that the common residence address listed on a declaration of domestic partnership is subject to public disclosure by the Secretary of State, unless on the facts of a particular case, the public interest served by not making the information public clearly outweighs the public interest served by disclosure.[2]
[1] California's law concerning the disclosure of public records is patterned after federal law and accordingly the judicial construction of federal law may be used in interpreting California's provisions. (Times Mirror Co. v. Superior Court, supra, 53 Cal.3d at p. 1338.)
[2] What specific facts would warrant nondisclosure of a common residence address is beyond the scope of this opinion.